OJEDA, DEMANDANTE Y APELADO, *v.* COLL & GELABERT ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre cobro de dinero.

No. 1700.—Resuelto en junio 29, 1918.

EXCEPCIÓN PREVIA POR DEFECTO DE PARTES DEMANDADAS.—No cae dentro de las funciones de una excepción previa el exponer objeciones que no aparezcan de la propia demanda, v. g. el mencionar el nombre de determinadas partes que han debido incluirse en el pleito; y no puede sacarse conclusión alguna de semejantes manifestaciones que pueda ser adversa al demandante.

ARRENDAMIENTO—TERMINACIÓN DEL PLAZO. — El derecho reservádole al arrendador a dar por rescindido un contrato, puede, a opción de este, ejercitarse o renunciarse.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Antonio Sarmiento.*

Abogado del apelado: *Sr. Adrián Agosto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En 12 de diciembre de 1914 Andrés Coll y Lorenzo Gelabert (hijo), constituyeron una sociedad por el término de dos años bajo la firma social de Coll & Gelabert.

En 26 de diciembre del propio año Rafael Ojeda arrendó una galería fotográfica a la firma por un período de dos años a contar del 26 del mes anterior por el canon mensual de veinte y cinco dollars.

El contrato contenía la cláusula siguiente:

"4. Es condición expresa y terminante, que se entenderá como la base esencial de este contrato, que si transcurren dos meses sin hacer efectivo el alquiler convenido, queda *ipso facto* rescindido este contrato y los gastos que originen el cobro o alquileres o cualquiera otros que emanen de este contrato, incluso el abogado que se utilice, serán por cuenta de los señores arrendatarios, que por la presente se obligan a pagarlos sin excusa alguna."

En el mismo instrumento Lorenzo Gelabert (padre), que firma como fiador, "garantiza el cumplimiento de este contrato, hace propia la deuda y sus condiciones y en unión de los arrendatarios Sres. Coll & Gelabert obligan sus bienes presentes y futuros, renunciando cuantas leyes puedan favorecerles."

En junio de 1915 los socios supra-mencionados otorgaron una escritura en forma por la que trataban de disolver la sociedad, vendiendo Gelabert su interés en la misma a Coll.

Ni la escritura social, ni la de disolución fueron inscritas en el registro mercantil.

Después del mes de junio de 1915 no volvió a pagar alquiler alguno.

Ojeda convino con un abogado en pagarle cuarenta dollars por el cobro de los alquileres vencidos y no satisfechos y en julio de 1916, se presentó un pleito en contra de la mencionada sociedad y de Lorenzo Gelabert (padre), con súplica para que se dictara una sentencia mancomunada *et in solidum.*

La sentencia recurrida en apelación condena a la firma demandada como arrendataria y a Lorenzo Gelabert (padre), como fiador solidario, a pagar solidariamente al demandante la suma de trescientos sesenta y cinco dollars, costas y desembolsos.

Los apelantes insisten en que la corte de distrito erró por:

"1°. No haber sostenido la excepción de defecto de partes demandadas, propuesta por Lorenzo Gelabert, hijo, como socio que fué de Coll & Gelabert.

"2°. No haber sostenido la excepción de falta de hechos para determinar una causa de acción propuesta por el demandado Lorenzo Gelabert, padre.

"3°. Haber infringido la ley del contrato celebrado entre Rafael Ojeda y Coll & Gelabert y Lorenzo Gelabert, padre; y

"4°. Haber infringido el artículo 1224 del Código Civil aplicando a los demandados los efectos del contrato sobre honorarios celebrado entre Rafael Ojeda y su abogado y en el que aquellos no intervinieron."

La sociedad demandada no compareció como tal ni en la corte municipal, donde se radicó la demanda, ni en la de distrito, donde se vió el caso *de novo.* Como se indica bajo el primer motivo de error, Lorenzo Gelabert, a quien en representación de la sociedad se le sirvió el emplazamiento, compareció, excepcionó y contestó como ex-miembro de la sociedad, alegando como fundamento de excepción la disolución de la firma. No se ha levantado el punto legal de que, independientemente de la disolución, hecho que no aparece de la demanda, en una acción traída bajo el artículo 73 del Código de Enjuiciamiento Civil deban unirse como demandados todos los socios y emplazados con copia de la citación a fin de sujetar a la obligación reclamada los bienes comunes de todos.

"No cae dentro de las funciones de una excepción previa exponer objeciones que no aparezcan de la propia demanda *v. gr.* el mencionar el nombre de determinadas partes que han debido incluirse en el pleito, y no puede sacarse conclusión alguna de semejantes manifestaciones que pueda ser adversa al demandante." 1 Sutherland, Code Pleading, Practice and Forms, p. 189, sec. 273.

El argumento aducido en apoyo del segundo motivo de error consiste en que con arreglo a los términos en que está redactado el contrato de arrendamiento Lorenzo Gelabert, padre, es un simple garantizador de la obligación contraída por la firma, y no un fiador solidario. Aun cuando los términos en que el contrato de arrendamiento se halla redactado, y que se siguen sustancialmente en la demanda, no son tan claros y libres de toda ambigüedad como pudo haberlo sido, no podemos evitar la conclusión de que la intención de las partes a la fecha del contrato estaba más en armonía con la teoría de la demanda y de las dos cortes sentenciadoras que con la interpretación que ahora se trata de darle al contrato.

El tercer motivo de error se basa en la cláusula que provee para la terminación del arrendamiento para el caso en que se dejen de satisfacer dos mensualidades de los alquileres. El derecho a dar por terminado o rescindido un contrato así reservádole al arrendador puede, a opción de éste, ejercitarse o renunciarse. *Santiago* v. *Arés*, 25 D. P. R. 481.

Además del artículo 1224 del Código Civil, que se menciona bajo el cuarto señalamiento de error, los apelantes citan el caso de *El Banco de Puerto Rico* v. *Ereño,* 22 D. P. R. 414, y el del *Banco Comercial de Puerto Rico* v. *Echevarría,* 22 D. P. R. 553, que sostienen que el contrato para el pago de honorarios de abogado, sin que se fije la cuantía de los mismos, sólo admite los que sean razonables. En el caso de autos, en la demanda se alega la obligación contraída en

el contrato de arrendamiento y un convenio celebrado por el demandante con su abogado para pagar a éste cuarenta dollars por sus servicios. La contestación sencillamente negó, por falta de información y creencia, el contrato celebrado entre el demandante y su abogado y la alegación de la demanda en relación a este punto. En el juicio, mientras declaraba el demandante, la defensa admitió el hecho alegado en la demanda "en cuanto al contrato del demandante con su abogado." Los propios apelantes más tarde introdujeron como prueba el contrato de arrendamiento. Los servicios del abogado fueron prestados bajo la presencia de la corte. La suma cargada por honorarios, una insignificancia de más del 10 por ciento de la cuantía de la sentencia, evidentemente no tiene nada de excesiva. Tampoco aparece que se levantase este punto en la corte inferior. Para poder cobrar el demandante una deuda de trescientos sesenta y cinco dollars se ha visto obligado a instar su reclamación y proseguirla durante dos años teniendo que pasar por tres cortes, y no estamos dispuestos a investigar escrupulosamente en el grado en que se hallan los procedimientos si, desde un punto de vista técnico, estaba o no el demandante relevado por completo, por las circunstancias concurrentes en este caso, de probar el valor razonable de los servicios prestados.

En vista de la conclusión a que hemos llegado sobre los méritos de este caso, no necesitamos entrar a considerar la moción de desestimación de la apelación, cuya resolución nos reservamos en la vista de esta causa.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.