Leonilda Rosas, demandante y apelada, *v.* A. Bruno Vázquez, (Sucn.), demandada y apelante; Nicasia Benjamín, demandante y apelada, *v.* A. Bruno Vázquez, (Sucn.), demandada y apelante; Concepción Rodríguez, demandante y apelada, *v.* A. Bruno Vázquez, (Sucn.), demandada y apelante.

Nos. 4663, 4664, 4665. *Sometidos:* Enero 22, 1930. *Resueltos:* Junio 16, 1930.

144

*López de Tord & Zayas Pizarro,* abogados de los apelantes; *Arjona & Arjona,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Estos son tres pleitos seguidos ante la Corte de Distrito de Ponce contra la misma demandada, alegándose esencialmente en las demandas el carácter de la demandada original Antonia Bruno de Vázquez, de dueña de una empreza de cinematógrafo para espectáculo público, con un teatro o edificio destinado a ese espectáculo, en Ponce. Se fundaron las demandas en que en la noche del 15 de mayo de 1927, en el local que para exhibiciones de vistas cinematográficas utilizaba en Ponce la demandada se exhibía determinada película, y, mediante el pago del precio fijado, entraron allí las demandantes: que la máquina de cinematógrafo que se usaba. estaba aquella noche manejada por un individuo que era empleado de la demandada, y que no era persona legalmente autorizada, para la manipulación de esos aparatos; que la demandada permitió que personas extrañas al funcionamiento del aparato, entraran en la caseta del operador mientras se hacía la exhibición, y que la máquina proyectora que se usaba estaba en malas condiciones, y también en condiciones impropias y peligrosas, la película que se exhibía;

que en el local usado para ese fin no había puertas de escape hábiles para casos de emergencia, ni indicación de salidas, y las butacas que allí había estaban sueltas, sin fijar al piso del local; que en la noche citada, y por la negligencia de la demandada en tener como operador a una persona no autorizada legalmente, usar una película en malas condiciones, permitir que entraran en la caseta personas no autorizadas, mientras se manipulaba la máquina proyectora, se encendió la película, reflejándose en la pantalla las llamaradas, y el público, impaciente, buscó salida del local, no hallando otra que la de la puerta frontera de entrada, que se volcaron las sillas, y la demandante tropezó y cayó, y fué atropellada por la gente, y las sillas, sufriendo diversas lesiones. Cada una de las demandantes alega lesiones, daños y perjuicios, que valora en su caso.

La demandada presentó en 30 de junio de 1927, moción eliminatoria, que fué declarada sin lugar. Y en 28 de julio del mismo año, compareció Rafael Vázquez Bruno, presentando una excepción previa y moción de sustitución de partes, por razón de haber fallecido Doña Antonia Bruno, la demandada. El compareciente en la excepción previa expresó que hacía la comparecencia ''como miembro de la sucesión de la demandada, y para beneficio de la sucesión.''

En la contestación se niegan los hechos esenciales alegados en la demanda, y se establecen las defensas especiales en cuya exposición detallada no entramos, porque nuestra resolución ahora no lo requiere.

Se siguió el proceso, y visto ante la corte, y practicada la prueba, recayó sentencia en cada caso, condenando a Rafael, Enriqueta, Ramona, Edgardo Antonio José, Antonio Andrés, y Eduardo Enrique Vázquez Bruno, a pagar a las demandantes daños y perjuicios en las sumas que en cada caso se fijan.

Los tres casos se oyeron en uno, sirviendo la prueba para los tres, salvo en lo que se refiere a la especialidad de los daños de cada demandante. Y en esa condición, han llegado

a la apelación, en la que ha servido el mismo récord (con copia para cada caso) y se han oído el mismo día y en la misma sesión.

Los alegatos son los mismos para los tres casos.

Se señalan por la parte apelante, diez errores. Como se verá, no es necesario discutirlos todos.

 Los señalamientos de error primero y segundo, aparecen así:

"Primer error: Erró la corte al resolver que los hijos o herede- ros de la demandada Antonia Bruno Vázquez comparecieron ante la corte en sustitución de dicha demandada; y erró asimismo al no resolver que el único que compareció fué el heredero Rafael Váz- quez Bruno por sí y para beneficio de la sucesión.

"Segundo error: La corte cometió error al dictar una senten- cia contra los demás miembros de la sucesión de A. Bruno Vázquez, sin haber citado los mismos en forma alguna y sin obtener jurisdic- ción sobre ellos."

Del récord aparece una demanda con fecha 6 de junio de 1927, en la que es la demandada A. Bruno Vázquez; la parte demandada comparece en 20 de los mismos mes y año, con una moción eliminatoria. En 28 de julio, 1927, com- parece, por los mismos abogados que representaban a la demandada, Rafael Vázquez y Bruno *"como miembro de la sucesión de la demandada A. Bruno Vázquez, y para bene- ficio de la dicha sucesión,"* formulando excepción previa. En la misma fecha, julio 28, Rafael Vázquez Bruno, por los referidos abogados, presenta una moción en la que alega que Doña Antonia Bruno, viuda de Vázquez, falleció en San Juan, P. R., el 20 de junio de 1927, después de haber com- parecido en este pleito; y sus únicos herederos son sus legítimos hijos Rafael, Enriqueta, Antonio, Edgardo, y Eduardo Vázquez Bruno; que el compareciente no se ha comunicado con los demás herederos, por lo que comparece por sí en beneficio de la sucesión; y pidió que se tuviera como demandada a la sucesión de Doña Antonia Bruno. A esta moción accedió la corte por orden de la misma fecha.

Contestó la demanda Rafael Vázquez como miembro de la sucesión y para beneficio de la misma.

Por lo que aparece de la "Opinión" en el pleito se suscitó la cuestión que ahora se plantea en apelación: Que la sucesión no ha sido citada o emplazada, ni, en realidad, hecha parte en el pleito. El juez ha entendido que la sucesión fué la parte demandada, y como tal ha actuado, por medio de los abogados Sres. López de Tord y Zayas Pizarro; y la sentencia responde a ese criterio.

Pocas veces se presentará un caso más extraño que éste. Uno de los herederos ha comparecido y ha pedido y obtenido que se haga a la sucesión parte demandada; y ese mismo heredero objeta a la consecuencia de su petición, esto es, a que se tenga a la sucesión por parte demandada; y levanta ahora en apelación la misma cuestión.

Debemos tener en cuenta que el heredero Rafael Vázquez, expresó en su moción que no se había comunicado con sus coherederos. Luego, pensando lógicamente, carecía de representación para pedir que se hiciera demandada a la sucesión íntegra. Y la corte debió negar la moción, opusiérase o no la parte demandante. Pero, seguramente, la misma parte que presentó esa moción, no es la que tiene mayor autoridad para señalar el error, ya que ella lo provocó, y está en ley y en justicia impedida de ir contra la consecuencia de su propio acto.

De considerar aquí son los siguientes preceptos legales:

El artículo 43 del Código de Enjuiciamiento Civil, Sección 5027 de los Estatutos, Compilación de 1911, está redactado así:

"Si se diere principio a una acción dentro del término prescrito para la misma, y el demandante, o los demandantes, si hubiere más de uno, falleciere o fallecieren, según el caso, y subsistiere la causa legal de la acción; o si el demandado, o los demandados, si hubiere más de uno, falleciere, o fallecieren, según el caso, la acción no caducará por razón de dicho fallecimiento, sino que el tribunal, a instancia de cualquiera de las partes, citará al albacea, administrador

o heredero, del finado o finados, y dicha citación se librará, ejecutará y diligenciará, en la forma establecida por la ley para las citaciones ordinarias; y al albacea, administrador o heredero, se le requerirá para que comparezca a proseguir (o defender) dicha acción; y una vez *diligenciada dicha citación en debida forma*, la acción continuará en nombre de la nueva parte, o partes, según el caso, después de lo cual la corte a su tiempo pronunciará sentencia, de acuerdo con la ley y los hechos probados.

"Si la causa estuviere pendiente ante la Corte Suprema, la causa legal de la acción no caducará por razón del fallecimiento de cualquiera de los actores, siempre que dicha acción subsistiere, como tampoco por razón de la muerte de cualquiera de los demandados, sino que el tribunal procederá a juzgar y fallar dicha causa, como si viviesen todas las partes, y dicho fallo tendrá la misma fuerza y efecto que si se hubiere dictado en vida de las partes."

En ese precepto está la regla que debió seguirse para evitar lo que en este momento sucede. El tribunal, a instancia de cualquiera de las partes, "citará al albacea, administrador o heredero del finado o finados, y dicha citación se librará, ejecutará y diligenciará en la forma establecida por la ley para las citaciones ordinarias." No hay en los autos que se nos presentan, nada que revele que cualquiera de las partes haya pedido que se cumpliera con lo que ordena el artículo citado, ni que se haya hecho la citación de los distintos herederos. Nada encontramos que permita que un heredero comparezca *como demandado* en beneficio de los demás herederos, que sólo deben estar ante la corte por razón de su citación formal. No es éste el caso de que un heredero ejercite *como demandante* una acción que interesa a la comunidad herencia; el caso actual es distinto.

Parece que también pudo tenerse en cuenta el artículo 63 del citado código de procedimientos, que dice:

"Cualquiera persona podrá ser constituída en demandado siempre que tenga o alegue tener interés en la contienda en oposición al demandante, o sea parte indispensable para la completa determinación o arreglo de la cuestión litigiosa. Y en una acción para determinar el título o derecho de posesión de propiedad inmueble

que, al tiempo de entablarse la demanda, estuviese en poder de un arrendatario, el propietario podrá asociarse como parte demandada.''

Y este precepto legal, unido al artículo 73 del mismo código, y en un caso en que no era posible llegar a una completa resolución de la controversia, sin la intervención de los demás herederos de Doña Antonia Bruno, hubiera podido ser guía de la corte en la solución del problema.

Parece haber algún conflicto entre el antes citado artículo 43 y el 69 del mismo Código de Enjuiciamiento Civil, que dice:

"Una acción o procedimiento no termina por la muerte o incapacidad de una de las partes, o por la cesión de cualquier interés en dicha acción o procedimiento, siempre que la causa de uno u otra subsista o continúe. En caso de muerte o incapacidad de una de las partes, la corte, previa moción al efecto, podrá permitir que continúe la acción o procedimiento por o contra el representante o sucesor del muerto o incapacitado. En caso de cualquiera otra cesión de interés, de acción o procedimiento podrá continuarse en nombre de la parte iniciadora, o la corte permitir que la persona a quien se hizo el traspaso quede subrogada en la acción o procedimiento."

No creemos que en la realidad exista tal choque. En el artículo 43 se marca claramente el procedimiento, lo que hay que hacer; en el artículo 69 se fija la autoridad de la corte para permitir que continúe la acción o procedimiento contra el representante o sucesor del muerto o incapacitado.

Claro es que, a estas alturas del pleito, es penoso encontrar una cuestión como ésta, y no poder determinar cuál es el derecho que tiene el apelante para suscitar el extremo de que se trata, ya que no son los apelantes los no citados y no emplazados herederos de Doña Antonia Bruno, sino el que compareció y quedó bajo la jurisdicción de la corte. Pero se trata de una cuestión de jurisdicción, ya que la corte no la pudo adquirir sobre los demás miembros de la sucesión, porque no se les citó en la forma legal, ni en forma legal comparecieron; y tenemos el derecho de entrar en el estudio y resolución de la cuestión.

La corte, en estos casos, no adquirió jurisdicción sobre los herederos Enriqueta, Edgardo, Antonio y Eduardo Vázquez Bruno, que no fueron traídos ante ella en la forma de ley, ni vinieron voluntariamente ante la misma.

Sería superfluo estudiar y resolver en cuanto a los demás señalamientos de error.

Como entendemos que el error cometido por la corte inferior es susceptible de enmienda, *debemos revocar las sentencias, ordenando se devuelvan los casos a la corte de distrito de Ponce, para ulteriores procedimientos no incompatibles con esta opinión.*