EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Víctor Rivera Hernández, Secretario del Trabajo y Recursos Humanos, Etc.<br><br>Recurridos<br><br>Vs.<br><br>Comtec Communication, Henry Barreda Rivera, José Barreda Rivera<br><br>Peticionarios | Certiorari<br><br>2007 TSPR 131<br><br>171 DPR \_\_\_\_ |

Número del Caso: CC-2005-1208

Fecha: 22 de junio de 2007

Tribunal de Apelaciones:

        Región Judicial de Bayamón

Juez Ponente:

        Hon. José Miranda De Hostos,

Abogado de la Parte Peticionaria:

        Lcdo. Benito I. Rodríguez Massó

Abogado de la Parte Recurrida:

        Lcdo. Héctor Díaz Olmo

Materia: Reclamación de Compensación por Despido, etc.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Víctor Rivera Hernández,
Secretario del Trabajo y
Recursos Humanos, Etc.

    Recurridos

       Vs.                CC-2005-1208     *Certiorari*

Comtec Communication,
Henry Barreda Rivera,
José Barreda Rivera

    Peticionarios

PER CURIAM

San Juan, Puerto Rico, a 22 de junio de 2007.

Tenemos la ocasión para interpretar el significado y aplicar las Reglas 15.3 y 51.7 de Procedimiento Civil de Puerto Rico, y el Art. 1.06 de la Ley General de Corporaciones de Puerto Rico.

I

La recurrida, Jessica Berastain (en adelante Berastain o la recurrida) se enteró por lo que le informó una amiga que en la firma COMTEC COMMUNICATION (en adelante COMTEC), donde la amiga trabajaba, estaba vacante la posición de recepcionista. Por ello, el 17 de febrero de 2000, Berastain se entrevistó con Alberto Monzón (en adelante Monzón), vicepresidente de la firma aludida, y obtuvo el puesto de trabajo

referido. En esa ocasión, Monzón le indicó a Berastain que podía renunciar de inmediato al empleo que ella tenía en ese momento, y ese mismo día la secretaria de Monzón preparó para Berastain su carta de renuncia al otro empleo que ésta había tenido hasta entonces.

Berastain comenzó a trabajar seguidamente en COMTEC pero en el tercer día de empleo en dicha empresa, el 24 de febrero de 2000, Henry Barreda Rivera, presidente de ésta, la despidió sin siquiera pagarle el tiempo que ella había trabajado allí.[1] Barreda Rivera sólo le indicó a Berastain que había decidido escoger otra persona para el puesto.

La recurrida se quejó ante el Departamento del Trabajo y Recursos Humanos de Puerto Rico, y obtuvo allí una determinación oficial mediante la cual se declaró que la firma COMTEC había discriminado en contra de Berastain, que dicho patrono debía reinstalarla, y que le debía una indemnización.

COMTEC negó la determinación administrativa referida, mediante una carta de Monzón. Ello dio lugar entonces a que el 19 de febrero de 2002, el propio Secretario del Departamento del Trabajo y Recursos Humanos (en adelante, el Secretario del Trabajo) presentase una querella contra COMTEC por despido injustificado ante el Tribunal de Primera Instancia, en representación de Berastain. La querella

---

[1] Barreda Rivera alegó ante nos que los salarios en cuestión le fueron pagados a Berastain pero en ambas sentencias de los foros *a quo* se determinó como parte de los hechos del caso que no se le pagó a la recurrida por los servicios referidos.

también incluyó una reclamación de **discrimen por impedimento físico** por ser Berastain una lisiada que tenía amputada su pierna derecha. En la querella, que se fundamentó tanto en las leyes de Puerto Rico[2] como en el Americans with Disabilities Act del 1990 federal, el Secretario del Trabajo reclamó para la obrera salarios adeudados de $18,400 hasta enero de 2002 más $800 por cada mes que hubiese transcurrido desde entonces sin que la querellante hubiese sido repuesta en su empleo, más su duplo por ser un caso de discrimen. También reclamó $25,000 como daños por la acción de discrimen.

COMTEC no contestó la ominosa querella presentada por el Secretario del Trabajo, aludida antes, a pesar de haber sido debidamente emplazada mediante diligenciamiento por alguacil, en la persona de Alberto Monzón, y **a pesar de haber sido debidamente apercibida de las consecuencias de no contestar la querella referida**. En vista de lo anterior, y al amparo de lo dispuesto en la Sec. 4 de la Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. 3121, el 12 de septiembre de 2002, el Tribunal de Primera Instancia emitió una **sentencia en rebeldía** en el caso de autos y condenó a COMTEC a pagar a Berastain $71,400, más $1,600 adicionales por cada mes que transcurriese hasta que se repusiera a Berastain en su trabajo en COMTEC.

---

[2] Las querellas por discrimen contra impedidos se amparan en la Ley 53 del 30 de agosto de 1992, que enmendó la Ley Núm. 44 del 2 de julio de 1985.

Posteriormente, Berastain contrató su propio abogado para ejecutar la sentencia y, el 3 diciembre de 2003, presentó una moción ante el foro de instancia. Adujo que en este caso se había demandado a COMTEC como su patrono pero que no había sido posible ejecutar la sentencia referida antes contra dicha corporación, porque ésta no existía como tal, por no estar registrada en el Departamento de Estado. Señaló que la sentencia emitida el 12 de septiembre de 2002 había advenido final y firme, pero COMTEC no había pagado nada. Berastain solicitó al tribunal, **al amparo de la Regla 51.7 de Procedimiento Civil**, que declarase deudores solidarios responsables por la sentencia a un listado de personas que incluía a Henry, Pedro y José, todos de apellido Barreda, a Alberto Monzón y a Sandra Díaz, por ser todos ellos las personas naturales que bajo el nombre de COMTEC Communication habían llevado a cabo los actos descritos en la demanda. **Berastain solicitó, además, que se citara a todas las cinco personas aludidas para que mostraran causa por la cual no debían estar obligados por la sentencia contra COMTEC, igual que si hubieran sido demandados desde un principio.**

Mediante una Resolución emitida el 20 de enero de 2004, el Tribunal de Primera Instancia ordenó la citación a una vista de todos los mencionados integrantes de COMTEC. El 18 de marzo de 2004 el foro de instancia celebró la vista referida, para dilucidar si había alguna razón por la cual a todos dichos integrantes de COMTEC, identificados antes, no se les debía considerar como deudores solidarios de la

sentencia dictada el 12 de septiembre de 2002, que estaba pendiente de pago, y había advenido firme y final. En dicha vista, los citados integrantes de COMTEC intentaron defenderse al explicar que su única relación con Berastain había sido que ésta trabajó con su firma como recepcionista por dos días, como parte de un proceso para seleccionar empleados. Posteriormente en dicha vista ambas partes solicitaron tiempo para tratar de llegar a un acuerdo en cuanto al pago de la sentencia en cuestión. Le indicaron las partes al tribunal que se reunirían a tales fines el 31 de marzo de ese año. El foro de instancia aceptó la solicitud de las partes y señaló una vista de seguimiento para el 14 de mayo de 2004.

En la vista de seguimiento referida salió a relucir que ninguno de los demandados acudió a la reunión concertada para tratar de llegar a un acuerdo. También quedó claro que la parte demandada tampoco se había comunicado de modo alguno con Berastain o su representante legal, por lo que no había ningún acuerdo entre las partes. El Tribunal de Primera Instancia entonces señaló una vista evidenciaria, a celebrarse el 7 de febrero de 2005, a fin de que se presentara prueba sobre la relación específica con COMTEC del listado de personas que alegadamente integraban dicha empresa.

En la Resolución convocando a todas las partes a la vista del 7 de febrero de 2005, el foro de instancia precisó en gran detalle lo que se habría de dilucidar en la misma.

Indicó concretamente que para poder establecer la responsabilidad particular por el discrimen sufrido por Berastain en COMTEC, era necesario: 1) conocer la relación específica con COMTEC de todas las cinco personas que alegadamente integraban dicha entidad; 2) dilucidar si todos eran patronos de Berastain; y 3) dilucidar de dónde dimanaba la alegada solidaridad que existía entre ellos. El foro de instancia, además, hizo hincapié en dicha Resolución en cuanto a que con esa vista se procuraba **brindarle una oportunidad a los demandados para defenderse de las alegaciones en su contra. Específicamente se les recabó que expusieran si había motivo alguno por el cual no se les debía incluir a todos como deudores solidarios en la sentencia.**

Celebrada la vista evidenciaria referida, sólo los señores Henry y José Barreda comparecieron, representados por su abogado, **pero decidieron no ofrecer testimonio.** Los demandados, pues, no presentaron prueba alguna para contradecir o refutar el testimonio de los testigos de la parte demandante. Se limitaron a contrainterrogar a dichos testigos. El foro de instancia recibió la prueba ofrecida por la demandante, le otorgó credibilidad, y dictó una **sentencia enmendada** en la que determinó en esencia que en este caso había ocurrido un despido injustificado y discriminatorio y que, dado que COMTEC no existía como corporación, las personas que tomaban las decisiones en COMTEC, a saber Alberto Monzón, y Henry y José Barreda eran solidariamente responsables por la cantidad adeudada. Fundamentó el dictamen

de solidaridad en lo resuelto por este Foro a los efectos de que los co-causantes de algún daño respondan solidariamente, y citó a P.R. Fuels Inc. v. Empire Gas Co., 149 D.P.R. 691 (1999); Arroyo v. Hosp. La Concepción, 130 D.P.R. 596 (1992), y Odriozola v. Superior Cosmetic Distributors Corp., 116 D.P.R. 485 (1985).

Tras serles denegada su solicitud de determinaciones adicionales de hechos, Henry y José Barreda, acudieron al Tribunal de Apelaciones y alegaron que había errado el Tribunal de Primera Instancia al determinar que ellos eran solidariamente responsables, sin haber suficiente prueba al respecto.

El 31 de octubre de 2005 el foro apelativo emitió una sentencia mediante la cual confirmó el dictamen del foro de instancia y ordenó su ejecución. Resolvió concretamente que en el caso de autos, la acreedora en este caso, Berastain, podía cobrar la sentencia a su favor **de cualquiera de los deudores solidarios que integraban a COMTEC, aunque éstos no hubiesen sido partes en el pleito**, en virtud de lo dispuesto **en la Regla 51.7 de Procedimiento Civil.**

Oportunamente, Henry y José Barreda acudieron ante nos mediante una petición de *certiorari*, en la cual plantearon los siguientes señalamientos de error:

> **1. Erró el Tribunal de Apelaciones al determinar que los comparecientes son solidariamente responsables a la demandante por el dictamen que a su favor dictó el Departamento del Trabajo y Recursos Humanos, y que posteriormente convirtió en Sentencia el Tribunal de Primera Instancia.**

**2. Erró el tribunal en adjudicar la controversia en contra de los comparecientes sin que surja del récord razón alguna para hacerles responsables, no sólo solidarios sino además, únicos del dictamen.**

El 17 de marzo de 2006 expedimos el recurso solicitado. El 28 de junio de 2006, luego de una prórroga, acogimos la petición de los Barreda Rivera de aceptar la solicitud de *certiorari* como su alegato. El 12 de julio de 2006 la parte recurrida presentó su oposición.

Pasamos a resolver.


II

Por encontrarse estrechamente relacionados los errores señalados, procederemos a examinarlos conjuntamente.

Los peticionarios alegan, en síntesis, que erró el Tribunal de Apelaciones al determinar que ellos eran solidariamente responsables frente a Berastain, por la sentencia que dictó el Tribunal de Primera Instancia el 12 de septiembre de 2002. Aducen que en vista de que la única demandada en el proceso judicial fue COMTEC, que no tenía personalidad jurídica, el Tribunal de Primera Instancia no adquirió jurisdicción sobre este asunto y, por tanto, la sentencia original fue inoperante. Veamos.


A. <u>El alcance de la Regla 51.7 de Procedimiento Civil</u>

Es cierto, como alegan los peticionarios, que la acción instada por el Secretario del Trabajo fue dirigida únicamente contra COMTEC, que es sólo el nombre común bajo el cual

Monzón y los Barreda hacían negocios. Se trata de una firma sin personalidad jurídica propia. Sin embargo, el foro apelativo encaró el planteamiento de los peticionarios de que la sentencia contra COMTEC era inoperante, y no podía hacerse valer contra ellos, invocando la Regla 51.7 de Procedimiento Civil. El Tribunal de Apelaciones en efecto acogió el planteamiento de Berastain con respecto a la objeción aludida de los peticionarios, y resolvió que al amparo de lo dispuesto en la Regla 51.7 de Procedimiento Civil de Puerto Rico, la recurrida podía cobrar la sentencia a su favor emitida contra COMTEC de cualquiera de los deudores solidarios que integraban dicho negocio, aunque éstos no hubiesen sido partes en el pleito. Examinemos tal dictamen detenidamente.

La Regla 51.7. de Procedimiento Civil, 32 L.P.R.A. Ap. III, se refiere a **deudores solidarios**, y dispone lo siguiente:

> Cuando se obtiene una sentencia contra uno o más entre varios deudores solidariamente responsables de una obligación, aquellos deudores que no fueren partes en la acción, podrán ser citados para que comparezcan a mostrar por qué causa no han de estar obligados por la sentencia de igual modo que si hubieren sido demandados desde un principio. La citación, conforme lo dispuesto en esta regla, deberá relacionar la sentencia, y requerir a la persona citada para que comparezca determinado día y hora a mostrar causa de por qué no ha de estar obligada por dicha sentencia. No será necesario entablar nueva demanda. La citación deberá acompañarse de una declaración escrita y jurada del demandante, su agente, representante o abogado, manifestando que la sentencia o parte de ella, permanece incumplimentada y expresando además, la cantidad que a cuenta de la misma se debiere.

Hecha la citación, el deudor citado <u>deberá comparecer</u> en la fecha que se indica en la citación, <u>y en dicha vista podrá aducir cualquier defensa de hecho y de derecho para eximirle de responsabilidad.</u> Las cuestiones así planteadas podrán substanciarse como en los demás casos. (Énfasis suplido).

Como se sabe, la Regla 51.7 no tiene equivalencia federal. Se incorporó al cuerpo de reglas vigentes actualmente en Puerto Rico, tomada del derogado Código de Enjuiciamiento Civil; y su fuente originaria fueron los ordenamientos procesales civiles de California y Idaho de principios de siglo pasado, que tenían disposiciones similares. <u>Pauneto v. Núñez</u>, 115 D.P.R. 591, 595 (1984).

Lo preceptuado por la Regla aludida ha sido objeto de nuestra consideración en varias ocasiones. Véase, <u>Soc. de Gananciales v. Soc. de Gananciales</u>, 109 D.P.R. 279 (1979); <u>Pauneto v. Núñez</u>, *supra*; <u>Caribbean Ins. Co. v. Tribunal de Distrito</u>, 99 D.P.R. 91 (1970); <u>Durán v. Sucn. Durán</u>, 58 D.P.R. 59 (1941); <u>Balbaño v. Cintrón</u>, 53 D.P.R. 844 (1938); <u>Banco Territorial v. Vidal</u>, 42 D.P.R. 869 (1931); y <u>Portela v. Saldaña</u>, 39 D.P.R. 542 (1929). La Regla en cuestión está basada en el principio de rapidez y economía que en general informa también a todo el cuerpo de nuestras reglas procesales. Aplica específicamente a casos en que se ha demandado y dictado una sentencia contra un deudor que es solidariamente responsable con otros deudores que no fueron partes originalmente en la causa de acción. En tales casos, se puede citar posteriormente a cualquiera o a todos de dichos otros deudores solidarios para que muestren causa de

por qué no deben estar obligados por la sentencia en cuestión, como si hubieran sido demandados originalmente.[3]

Debe señalarse que la Regla aludida es acorde con el Art. 1097 del Código Civil, 31 LPRA sec. 3108, que dispone que un acreedor tiene la opción de dirigirse <u>contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente</u>. Además, se reitera en dicho Art. 1097 que las reclamaciones entabladas contra uno de tales deudores no serán obstáculo para las que posteriormente se dirijan contra los demás, mientras no resulte cobrada la deuda por completo. Véase, <u>Cámara Insular, etc. v. Anadón</u>, 83 D.P.R. 374 (1961).

Ya antes hemos resuelto que deben concurrir dos requisitos para que sea aplicable a un caso el trámite de la Regla 57.1, a saber: (1) la responsabilidad solidaria previa, y (2) que aquellos contra quienes se invoca pudiesen haber sido demandados y emplazados al iniciarse la acción. Ausente cualesquiera de estos requisitos, la regla no es aplicable. <u>Pauneto v. Núñez</u>, *supra*.

El vínculo previo de solidaridad que contempla la Regla 51.7 entre los aludidos codeudores queda establecido de la manera más palmaria cuando ésta surge en virtud de un contrato a tales efectos entre los deudores concernidos. Por ello, con tenor ilustrativo, en <u>Pauneto v. Núñez</u>, *supra,* nos referimos en una ocasión *inter alia*, a una solidaridad de fundamentos contractuales. Pero evidentemente, de su claro tenor literal, lo que la Regla 51.7 requiere es sólo **que**

---

[3] Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, Tomo II, págs. 824-825 (Publicaciones JTS 2000).

**exista la solidaridad claramente**, dispuesta del modo que sea. Así pues, la solidaridad requerida también podría existir si está preceptuada por ley. Para fines de la Regla 51.7 en cuestión, pues, la solidaridad aludida puede ser contractual o estatutaria. Nada en el claro texto e historial de dicha Regla indica otra cosa.

De lo señalado antes, pues, es claro que por lo dispuesto en la referida Regla 51.7, no es necesario que un acreedor tenga que demandar a todos los deudores solidarios de su crédito, sino que se puede ejecutar contra todos éstos la sentencia dictada contra sólo uno de ellos, siempre que se cumplan los requisitos antes señalados. Pero para que este atajo procesal sea utilizable, obviamente es menester que se haya instado una demanda **contra al menos uno de los deudores solidarios en cuestión**. Incoada la acción judicial contra uno de ellos, la sentencia obtenida es ejecutable contra cualquiera o todos de ellos.

El referido requisito *sine qua non* es el que está ausente en el caso de autos. **En la acción judicial que aquí nos concierne no se demandó a ninguno de los deudores solidarios en cuestión**. Ni Monzón ni los Barreda fueron demandados como tal por el Secretario del Trabajo. La acción en cuestión se instó únicamente contra COMTEC, que es sólo el nombre de un negocio, no una entidad jurídica con personalidad propia. Como COMTEC, pues, no era un deudor solidario, no podía aplicarse aquí la citada Regla 51.7. Erró el foro apelativo al resolver como lo hizo.

B. <u>Jurisdicción sobre los demandados</u>

Sin embargo, lo resuelto en los párrafos anteriores no dispone finalmente de la controversia del caso de autos. Para ello, debe examinarse la aplicabilidad aquí de lo dispuesto por la Regla 15.3 de Procedimiento Civil de Puerto Rico, que también fue utilizada por el foro apelativo para responsabilizar a los peticionarios.

La Regla 15.3 de Procedimiento Civil dispone lo siguiente:

> "Cuando dos o más personas operen un negocio bajo un nombre común, comprenda éste o no los nombres de dichas personas, éstas podrán ser demandadas bajo el referido nombre común, siendo suficiente emplazar a una de ellas."

La Regla referida ha sido parte de nuestro ordenamiento procesal desde los tiempos antaños del Código de Enjuiciamiento Civil. En efecto, la aplicamos o examinamos originalmente en casos hace muchas décadas atrás. Véase, <u>Banco de P.R. v. Olivieri y Sobrino</u>, 10 D.P.R. 43 (1906); <u>Cintrón v. Colorado</u>, 22 D.P.R. 580 (1915); <u>Ojeda v. Coll y Gelabert</u>, 26 D.P.R. 538 (1918); y <u>Rosas v. A. Bruno de Vázquez</u>, 41 D.P.R. 143 (1930).

Como bien ha señalado el comentarista Hernández Colón, *infra*, la Regla anterior establece una excepción a la norma sobre la necesidad de que una parte tenga personalidad jurídica para que pueda comparecer a juicio. Conforme a la Regla 15.3 citada antes, cuando dos o más personas operan un negocio bajo un nombre común, dichas personas pueden ser

demandadas todas bajo el nombre común, siendo suficiente para ello el emplazamiento de una sola de las personas concernidas. No es requerido que el negocio en cuestión tenga personalidad jurídica. Surge claramente del texto de dicha Regla que tampoco es necesario demandar a las personas en cuestión en su propio nombre, sino que basta con que se utilice el nombre común bajo el que operan el negocio, siempre que se emplace a una de dichas personas. Todos los comentaristas sobre el procedimiento civil en Puerto Rico están de acuerdo en que al amparo de esta Regla, para demandar y someter a la jurisdicción del tribunal a todas las personas que operan un negocio bajo un nombre común, sólo es necesario utilizar el nombre común en la demanda y emplazar a una de dichas personas que integran el negocio. Véase José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo I, Publ JTS, 2000, pág. 363; Rafael Hernández Colón, Derecho Procesal Civil, Cap. 11, Sec. 1114, Michie de Puerto Rico, San Juan, P.R. 1997, pág. 107; y Urrutia de Basora y Negrón Portillo, Reglas de Procedimiento Civil de P.R., Ed. Situm, 2005, pág. 98.

En el caso de autos, se demandó inicialmente sólo a COMTEC y se emplazó a Alberto Monzón, el Vicepresidente de COMTEC, y una de las varias personas que juntos hacían negocio bajo el nombre común de la firma COMTEC. En virtud de lo dispuesto en la citada Regla 15.3, es correcta la determinación del foro apelativo de que aquí quedaron debidamente demandadas y emplazadas todas las personas que

junto a Monzón operaban un negocio bajo el nombre común de COMTEC. Ello incluye evidentemente a Monzón, y a los señores Barreda peticionarios aquí.[4]

## C. La cuestión de la solidaridad

El Tribunal de Apelaciones resolvió, además, que todos los integrantes del negocio COMTEC eran deudores solidarios de la recurrida. Para llegar a esta conclusión, trajo a colación lo que la Ley General de Corporaciones dispone en su artículo 1.06, 14 LPRA sec. 2606, a saber:

> "…Todas las personas <u>que actúen como corporación sin autoridad para ello</u>, y teniendo conocimiento de dicha situación, <u>serán responsables solidariamente de</u> todas las deudas y obligaciones incurridas o asumidas como resultado de dicha actuación." (Énfasis suplido)

Conforme al mencionado artículo, es claro que incurren en responsabilidad solidaria todas las personas que lleven a cabo negocios a nombre de una corporación **inexistente**, en cuanto a las deudas y las obligaciones que ésta contraiga. Se trata de una **carga** que impone la ley para procurar que se cumplan cabalmente los requisitos de incorporación.[5]

En el caso de autos es menester que quede meridianamente claro la cuestión de si la responsabilidad de los integrantes

_____

[4] Es menester enfatizar que después de quedar demandados en virtud del mecanismo de la Regla 15.3, los peticionarios comparecieron en **dos ocasiones** ante el foro de instancia y **en ninguna de ellas cuestionaron la manera como habían sido demandados**. No ha habido cuestionamiento respecto a la **validez** de la centenaria Regla, según aplicada en el caso de autos.

[5] Véase, Carlos E. Díaz Olivo, <u>Corporaciones</u>, Publ. Puertorriqueñas, Ed. 1999, págs. 47-52.

de COMTEC por el despido de la recurrida es solidaria o no. De ello depende la respuesta al segundo señalamiento de error de los peticionarios en el caso de autos. Estos han objetado a que se les responsabilice sólo a ellos del dictamen a favor de la recurrida. Evidentemente, en vista de las conocidas reglas sobre el particular, si la responsabilidad de los codeudores es solidaria, la recurrida puede reclamar la totalidad de lo adeudado de cualquiera de ellos. Cámara Insular, etc. v. Anadón, *supra*.

El fundamento, amparado en la Ley de Corporaciones, en que se basó el foro apelativo para determinar que la responsabilidad de los peticionarios era solidaria presenta problemas aquí. El mismo presupone que los peticionarios comenzaron el proceso de incorporar su negocio pero no lo completaron cabalmente. En tal caso, su responsabilidad hacia Berastain sería solidaria, conforme a la citada disposición de la Ley de Corporaciones. Pero, en realidad no sabemos si ello sucedió así o no. No hay nada en la sentencia del foro de instancia que nos permita llegar indudablemente a tal conclusión, más allá de las alegaciones. Tampoco se abunda sobre ello en el propio dictamen del foro apelativo: sólo se afirma que la responsabilidad es solidaria, bajo la Ley General de Corporaciones de 1995. Podría ser, a modo de hipótesis alterna, que los peticionarios sencillamente no incorporaron su firma, optando por hacer negocios por cuenta propia, utilizando para ello el nombre comercial de COMTEC.[6]

---

[6] L. M. Negrón Portillo, en su obra Derecho Corporativo Puertorriqueño, 2da ed., 1996, pág. 16, señala que es muy

En este caso, sin embargo, no es necesario descansar en la citada disposición de la Ley de Corporaciones para dilucidar la cuestión sobre la solidaridad. Desde al menos el 1950, y a partir de Rivera v. Great Am. Indemnity Co., 70 D.P.R. 825, ha sido norma reiterada en nuestra jurisdicción que **los co-causantes de cualquier perjuicio son responsables solidariamente a la persona perjudicada**. Hemos aplicado esta norma en numerosas ocasiones y en diferentes contextos, incluyendo el laboral. Véase García v. Gob. de la Capital, 72 D.P.R. 138 (1951); Torres v. A.M.A., 91 D.P.R. 714 (1965); Torres v. A.F.F., 94 D.P.R. 314 (1967); Serralta v. Martínez Rivera, 97 D.P.R. 466 (1969); Ramos v. Caparra Dairy, Inc., 116 D.P.R. 60 (1985); Odriozola v. Superior Cosmetic Distributors Corp., supra; Vega v. Adm. Servs. Médicos, 117 D.P.R. 138 (1986); Sánchez Rodríguez v. López Jiménez, 118 D.P.R. 701 (1987); Arroyo v. Hosp. La Concepción, supra; y P.R. Fuels v. Empire Gas Co., supra.

Conforme a los hechos relatados antes, aquí el Tribunal de Primera Instancia celebró una vista evidenciaria, en la cual desfiló prueba que pudo ser evaluada por dicho foro, adjudicando credibilidad a los testigos que declararon. En virtud de dicha prueba, el foro de instancia consideró probado que Alberto Monzón, Vicepresidente de COMTEC, contrató a Jessica Berastain; que el peticionario, Henry Barreda, Presidente de COMTEC la despidió; que éstos dos

---

común en Puerto Rico que personas hagan "negocios por cuenta propia pero ocultándose detrás de un nombre, dando así la impresión de que existe un negocio separado y distinto del individuo que realiza las transacciones."

ejecutivos de COMTEC junto a José Barreda, un gerencial de la firma, realizaban sus negocios en común bajo el nombre de COMTEC. El foro de instancia determinó así mismo que Henry Barreda, Alberto Monzón y José Barreda eran las personas que tomaban las decisiones en COMTEC y que eran los responsables de cualquier actuación que ocasionaran daños a un tercero. Más aun, dicho tribunal determinó expresamente que los tres demandados aludidos fueron co-causantes de los daños sufridos por Berastain, quien no sólo fue despedida del empleo en COMTEC sino, además, instada a renunciar al trabajo que tenía antes. Dicho foro resolvió que la responsabilidad de los tres demandados referidos era solidaria, y conforme a la extensa jurisprudencia sobre co-causantes citada antes, no hay fundamentos adecuados para intervenir con lo dictaminado por el foro de instancia.

Es menester destacar otra vez que a los demandados referidos se les dio la oportunidad de enfrentarse a la prueba aludida que recibió el foro de instancia pero ellos optaron por no aprovechar dicha oportunidad y prefirieron no ofrecer evidencia alguna en su defensa. Con su proceder, dejaron el camino libre y expedito para las determinaciones que formuló el foro de instancia conforme a aquella prueba que tuvo ante sí, las cuales nos obligan.

D. Conclusión

Establecido que existía responsabilidad solidaria con respecto a los tres integrantes de COMTEC que fueron co-

causantes de los daños sufridos por la recurrida, y que éstos quedaron demandados en virtud de lo dispuesto en la Regla 15.3 y emplazados a través de su socio y co-deudor solidario Monzón, modificamos el dictamen del Tribunal de Apelaciones que determinó que la recurrida Jessica Berastain podía cobrar su reclamación por despido injustificado y discriminatorio de cualquiera de los integrantes de COMTEC. Limitamos tal dictamen a aquellos que fueron co-causantes de los daños de la recurrida, según se ha indicado antes.

Se devolverá el caso al foro de instancia para que determine el monto específico de lo adeudado, a razón de $1,600 mensuales **a partir del 18 de marzo de 2004**, fecha en que indiscutiblemente los tres deudores solidarios de este caso, ya identificados, fueron todos individualmente notificados de este asunto e instados a presentar su defensa propia.

Así mismo deberá el foro de instancia tomar las medidas necesarias para la expedita ejecución de la indemnización referida.

Se dictará una sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Víctor Rivera Hernández,
Secretario del Trabajo y
Recursos Humanos, Etc.

    Recurridos

       Vs.                   CC-2005-1208
*Certiorari*

Comtec Communication,
Henry Barreda Rivera,
José Barreda Rivera

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 22 de junio de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se devuelve el caso al foro de instancia para que determine el monto específico de lo adeudado, a razón de $1,600 mensuales **a partir del 18 de marzo de 2004,** fecha en que indiscutiblemente los tres deudores solidarios de este caso, ya identificados, fueron todos individualmente notificados de este asunto e instados a presentar su defensa propia.

Así mismo deberá el foro de instancia tomar las medidas necesarias para la expedita ejecución de la indemnización referida.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión escrita. El Juez Presidente señor Hernández Denton disiente con opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Víctor Rivera Hernández,
etc.

     Recurridos

          v.

Comtec Communication
Henry Barreda Rivera
José Barreda Rivera

     Peticionarios

CC-2005-1208     Certiorari

Opinión Disidente emitida por el Juez Presidente señor HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 22 de junio de 2007.

Mediante la Opinión del Tribunal unas personas que nunca fueron demandadas ni traídas al pleito vienen obligadas a responder por una sentencia que fue dictada en contra de una entidad que no tiene capacidad jurídica para ser parte en un pleito. Por entender que en dicho proceso hubo un defecto insubsanable basado en ausencia de jurisdicción, somos del criterio que el dictamen está viciado de nulidad y, por tanto, disentimos del curso de acción tomado por la mayoría.

I.

En el caso *a quo*, se presentó una demanda por despido injustificado y discrimen por impedimento físico en contra de Comtec

Communication (en adelante, Comtec), bajo el entendido de que esta entidad estaba debidamente incorporada. De la misma manera se expidió el correspondiente emplazamiento, el cual fue diligenciado en la persona del supuesto vice-presidente de Comtec, en representación de ésta última.

El foro de instancia dictó una sentencia en rebeldía en contra de Comtec. En fase de ejecución de sentencia, la parte demandante se percató de que Comtec no existía como corporación. En vista de ello, solicitó que se les aplicara la sentencia a las personas naturales que actuaron en nombre de Comtec, a pesar de que éstas nunca fueron demandadas ni traídas al pleito.

Celebrada una vista evidenciaria, el foro de instancia enmendó la sentencia para imponerle responsabilidad solidaria a las personas naturales que actuaron en nombre de Comtec, quienes –a su entender- fueron co-causantes del daño. Dicho dictamen fue confirmado por el foro intermedio.

La parte peticionaria impugna ante nos esa decisión, alegando que es una grave injusticia que se le responsabilice por una sentencia que fue dictada en un proceso del cual no fue parte. A pesar de ello, la mayoría de este Tribunal resuelve que las personas que operaban el negocio bajo el nombre común de Comtec quedaron debidamente demandadas y emplazadas a través de la Regla 15.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 15.3. Por tanto, entiende que procede responsabilizar a

esas personas por la sentencia emitida. A la luz de los principios básicos vigentes en nuestro ordenamiento con respecto a la jurisdicción *en personam,* estamos impedidos de endosar ese proceder y, por ello, disentimos de la mayoría.

## II.

Los tribunales debemos ser celosos guardianes del ejercicio de nuestra jurisdicción. Por ende, para poder ejercitar válidamente dicha autoridad, debemos poseer jurisdicción sobre la materia y sobre las personas envueltas en el litigio. *Medina v. Medina*, res. el 19 de mayo de 2004, 2004 T.S.P.R. 75.

El concepto de "jurisdicción sobre la persona" está procesal y sustantivamente entrelazado con el concepto de "parte en un litigio". Para ser parte demandante o demandada en un litigio es menester primero ser persona con personalidad y capacidad jurídica para ser objeto de derecho. Esa condición es propia de las personas naturales desde el nacimiento y de las corporaciones desde que quedan válidamente constituidas. *Pino Development Corp. v. Registrador*, 133 D.P.R. 373 (1993).

Además, para ser parte demandada en un pleito se requiere que la persona contra quien se dirige la reclamación sea designada en la demanda por su nombre correcto y que se le notifique personalmente del pleito. *Nuñez González v. Jiménez Miranda*, 122 D.P.R. 134 (1988); *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986).

La notificación al demandado de que existe un procedimiento judicial en su contra se realiza a través del emplazamiento. Mediante ese mecanismo procesal, se le garantiza al demandado el derecho a ser oído que exige el debido proceso de ley. *Rivera Báez v. Jaume Andujar*, res. el 28 de junio de 2002, 2002 T.S.P.R. 100; *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 D.P.R. 901 (1998); *Acosta v. A.B.C., Inc.*, 142 DPR 927 (1997).

Cónsono con lo anterior, en diversas ocasiones hemos reiterado que, como norma general, es necesario un cumplimiento estricto con los requisitos exigidos para el emplazamiento. *Chase Manhattan Bank, N.A. v. Polanco Martínez*, 131 D.P.R. 530 (1992). Por tal razón, la falta de diligenciamiento de un emplazamiento priva al tribunal de jurisdicción sobre la persona e invalida cualquier sentencia en su contra. No es hasta que se diligencia el emplazamiento, que la persona puede ser considerada propiamente parte en el pleito y el tribunal adquiere jurisdicción sobre su persona, aunque haya sido nombrada en el epígrafe de la demanda. Antes de ese momento, sólo es parte nominal. *Acosta v. ABC, Inc.*, *supra*.

En lo que concierne el diligenciamiento del emplazamiento, debemos tener presente que el mismo debe efectuarse personalmente. Por tanto, si el demandado es una persona natural mayor de edad se le entregará copia del emplazamiento y de la demanda a ella personalmente o un agente autorizado o designado por ley. 32 L.P.R.A. Ap.

III, R. 4.4(a). En caso de una reclamación en contra de una corporación, el diligenciamiento se hace por conducto de personas adecuadamente autorizadas para recibir emplazamientos a nombre de la corporación. 32 L.P.R.A. Ap. III, R. 4.4(e); Artículo 12.01 de la Ley General de Corporaciones, 14 L.P.R.A. Sec. 3126.

Finalmente, cabe destacar que en nuestro sistema procesal rige el principio del demandante diligente. Por ello, un demandante tiene el deber de realizar todos los actos necesarios para conferirle completa jurisdicción al tribunal sobre la persona del demandado. Por consiguiente, "en forma alguna viene obligado un demandado a cooperar con el demandante en el proceso del diligenciamiento del emplazamiento en su persona". *Reyes v. E.L.A.*, res. el 7 de diciembre de 2001, 2001 T.S.P.R. 168; *First Bank of P.R. v. Inmob. Nac.*, Inc., *supra*.

III.

La Opinión del Tribunal sostiene que en este caso quedaron debidamente demandadas y emplazadas las personas que operaban bajo el nombre común de Comtec. No estamos de acuerdo.

En este caso no está en controversia el hecho que Comtec no es una persona natural ni existe como corporación. Como no tiene capacidad para ser objeto de derecho, Comtec no podía ser parte en el litigio. Así, al demandarse solamente a Comtec y al diligenciarse el correspondiente emplazamiento por conducto de una persona

natural en representación de Comtec, en realidad no se demandó ni se adquirió jurisdicción sobre parte alguna. En efecto, tampoco se adquirió jurisdicción sobre la persona natural del supuesto vice-presidente de Comtec ya que éste nunca fue demandado en su carácter personal. Ciertamente, el hecho de que recibió un emplazamiento a nombre de otro no es suficiente para adquirir jurisdicción sobre su persona.

Conforme a lo anterior, en este caso no hubo una parte demandada y, por tanto, se configuró un defecto insubsanable de jurisdicción que vicia de nulidad la sentencia emitida. Por ende, dicha sentencia no podía ser ejecutada ni podía enmendarse para que fuera aplicable a personas naturales que nunca fueron parte en el pleito. Resolver lo contrario, implicaría trastocar la normativa vigente sobre jurisdicción *in personam*, la cual se impone por imperativo del debido proceso de ley.

Ahora bien, ante las circunstancias de este caso, para adquirir jurisdicción procedía demandar a las personas naturales que actuaron en perjuicio de la parte demandante y emplazar a cada una en su carácter personal. Sin embargo, la mayoría resuelve que las personas que operaban bajo el nombre común de Comtec quedaron debidamente emplazadas en virtud de lo dispuesto por la Regla 15.3 de Procedimiento Civil, *supra*. Dicha norma dispone que "cuando dos o más personas operan un negocio bajo un nombre común, comprenda éste o no los nombres de dichas personas,

éstas podrán ser demandadas bajo el referido nombre común, siendo suficiente emplazar a una de ellas". Regla 15.3 de Procedimiento Civil, *supra*. La mayoría entiende que al haberse demandado a Comtec y al haberse emplazado al vice-presidente de Comtec se cumplió con lo dispuesto en dicha norma. Ello, por la mera circunstancia de que el supuesto vice-presidente de Comtec era una de las personas que hacían negocio bajo el nombre de Comtec.

Dicha interpretación altera sustancialmente el significado y el uso que debe dársele a la Regla 15.3 de Procedimiento Civil, *supra*. Somos del criterio que para que encuentre aplicación dicha norma es menester identificar claramente en el pliego de la demanda el nombre común y las personas que utilizan ese nombre para hacer negocios. Una vez cumplido con ese requisito de parte nominal, la norma exime del deber de emplazar a todas las personas identificadas en la demanda y solamente requiere que se emplace a una de ellas. Es decir, debe diligenciarse personalmente el emplazamiento dirigido a tal persona como parte demandada. Por lo tanto, dicha norma no puede aplicar en casos como éste, donde erróneamente se demandó a una corporación que no existe y se emplazó a uno de los supuestos oficiales en representación de dicha corporación. De lo contrario, sería innecesario indagar si la parte contra la cual se quiere reclamar es o no es una corporación. Ello en vista de que con el mero acto de demandar a la corporación y emplazar a uno de sus

oficiales, se adquiriría igualmente jurisdicción sobre la corporación, si existe, o sobre quien opera bajo ese nombre común, si la corporación no existe. Este resultado no es cónsono con nuestro ordenamiento procesal civil que precisamente establece unas normas específicas para adquirir jurisdicción sobre las personas jurídicas y que, además, requiere cierta diligencia de parte del demandante a la hora de identificar y emplazar al demandado. En vista de todo lo anterior, disentimos del criterio de la mayoría.

Federico Hernández Denton
Juez Presidente