EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Eva García Pérez<br><br>      Apelante<br><br>          vs.<br><br>Corporación de Servicios<br>Especializados para la Mujer<br>Y la Familia, etc. | Certiorari<br><br>2008 TSPR 114<br><br>174 DPR _____ |

Número del Caso: AC-2007-69

Fecha: 30 de junio de 2008

Tribunal de Apelaciones:

             Región Judicial de San Juan Panel I

Juez Ponente:

             Hon. Carlos López Feliciano

Abogado de la Parte Apelante:

             Lcdo. José Juan Nazario De La Rosa

Abogado de la Parte Apelada:

             Lcdo. Rafael Meléndez Ramos

Materia: Discrimen por Embarazo; Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Eva García Pérez

    Apelante

        vs.                   AC-2007-69        APELACIÓN

Corporación de Servicios
Especializados para la Mujer
y la Familia, etc.

    Apelados


OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPZ

En San Juan, Puerto Rico, a 30 de junio de 2008


El 31 de marzo de 1999, Eva García Pérez presentó una demanda sobre discrimen por razón de embarazo y discrimen por razón de sexo ante la Sala Superior de San Juan del Tribunal de Primera Instancia, contra la Corporación de Servicios Especializados para la Mujer y la Familia. En síntesis, alegó que fue despedida o cesanteada sin justa causa del Proyecto Amanecer de la referida Corporación, por motivo de su embarazo. Adujo, además, que desde que la presidenta de la Corporación, Dra. Doris González Torres, advino en conocimiento de su estado de embarazo, fue sometida a actos discriminatorios que culminaron con su despido.

Dicha demanda fue radicada al amparo de las disposiciones de la Ley para la protección de madres obreras, Ley Núm. 3 de 13 de marzo de 1942, 29 L.P.R.A. §467 *et seq.*; de la Ley contra el discrimen en el empleo por razón de sexo, Ley Núm. 69 de 6 de julio de 1985, 29 L.P.R.A. §1321 *et. seq.*; de la Ley contra el discrimen en el empleo, Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. §146 *et. seq.*; y de la Ley de indemnización por despido sin justa causa, Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. §185a *et. seq.*[1] La Corporación formuló alegación responsiva, negando, en esencia, las alegaciones fundamentales de la demanda presentada en su contra.

El 1 de abril de 2002, García Pérez solicitó enmendar la demanda a los efectos de incluir como codemandados a la Dra. González Torres, en su carácter personal, y al Estado Libre Asociado de Puerto Rico. Sostuvo que éstos respondían solidariamente con la Corporación por todos los daños ocasionados como consecuencia del alegado despido injustificado y discriminatorio. Alegó, además, que la Corporación era un *alter ego* de González Torres, por lo cual, procedía descorrer el velo corporativo e imponerle responsabilidad a ésta en su carácter personal.

---

[1] García Pérez solicitó $4,230.77 por concepto de mesada, $11,500 de salarios adeudados y la restitución en su empleo en el Proyecto Amanecer, con los salarios y beneficios marginales dejados de percibir desde su despido o cesantía. Además, pidió una indemnización de $100,000 por concepto de daños y perjuicios y una suma similar como penalidad.

La Corporación se opuso a las enmiendas solicitadas bajo el fundamento que la acción incoada en contra del E.L.A. y González Torres estaba prescrita. Sobre el particular, señaló que no existía solidaridad entre la Corporación y el E.L.A., ya que la Corporación fungió como contratista independiente para prestar unos servicios particulares y que, en el contrato suscrito entre las partes, la Corporación, de hecho, había relevado al Departamento de la Familia, y en consecuencia al E.L.A., de cualquier obligación o responsabilidad relativa a daños y perjuicios ocasionados en el desempeño de sus funciones. Señaló, además, que no cabía hablar de responsabilidad vicaria del E.L.A., bajo el Artículo 1803 del Código Civil, 31 L.P.R.A. §5142, porque en su contratación, las partes especificaron que entre ellos no existía una relación obrero-patronal. Por último, argumentó que tampoco existió una relación obrero-patronal entre la Corporación y la demandante García Pérez, ya que ésta fue contratada para rendir servicios profesionales en los proyectos de la Corporación; razón por la cual, a su juicio, no cabía hablar de solidaridad entre la Corporación, el E.L.A. y González Torres, y consecuentemente, las acciones contra estos últimos estaban prescritas. El tribunal de instancia permitió las enmiendas a la demanda, según solicitadas por García Pérez.

La codemandada, Dra. González Torres, solicitó la desestimación de la demanda enmendada, básicamente por los mismos fundamentos expuestos por la Corporación, aduciendo que no existía solidaridad entre su persona y demás co-demandados, y por tanto, la reclamación en su contra estaba prescrita. El tribunal de instancia denegó, igualmente, dicha solicitud. González Torres recurrió al Tribunal de Apelaciones mediante *certiorari*, pero dicho foro denegó la expedición del auto.

Habiendo resultado, igualmente, infructuosos los esfuerzos del E.L.A. de lograr la desestimación, por prescripción, de la demanda radicada en su contra, el E.L.A. y González Torres presentaron sus alegaciones responsivas, negando toda responsabilidad y planteando, nuevamente, que las reclamaciones en su contra estaban prescritas. Así las cosas, las partes iniciaron el descubrimiento de prueba.

El 22 de abril de 2005, la Dra. González Torres presentó, nuevamente, una "solicitud de desestimación por ausencia de jurisdicción sobre la persona". Allí solicitó se dictase sentencia parcial desestimando la reclamación en su contra. Expuso, en síntesis, los mismos argumentos que formuló en su solicitud de desestimación previa. Además, añadió que a la fecha de la presentación de la demanda, García Pérez obviamente conocía la identidad de González Torres y los actos discriminatorios que ésta alegadamente había cometido y aun así, no la incluyó como

parte demandada. Sostuvo que ello demostraba la dejadez de García Pérez en el reclamo de sus derechos, lo cual constituía un impedimento para las enmiendas a la demanda. De otra parte, alegó que los planteamientos formulados por García Pérez en torno a que la Corporación era un *alter ego* de González Torres carecían de validez y se trataba de meras alegaciones sobre las cuales no se había alegado prueba alguna. El E.L.A. solicitó, nuevamente, la desestimación de la reclamación en su contra, esbozando los mismos argumentos de su solicitud de desestimación previa.

García Pérez presentó su oposición a tales solicitudes, reiterando que González Torres era co-causante de sus daños a raíz de los actos discriminatorios que llevó a cabo en su contra mientras fungía como su supervisora y además, era un *alter ego* de la Corporación. De otro lado, sostuvo que el E.L.A. era co-causante solidario porque delegó sus deberes, obligaciones y facultades a la Corporación, convirtiendo a ésta en una entidad cuasi-pública adscrita al Departamento de la Familia. El foro de instancia se reservó los fallos en torno a las solicitudes de desestimación hasta la celebración de la vista en su fondo.

Luego de iniciado el juicio en su fondo y tras haberse presentado la evidencia *prima facie* de un caso de discrimen por embarazo conforme la jurisprudencia aplicable, y activada la correspondiente presunción de

despido discriminatorio, se procedió a recibir la prueba del patrono. Antes de finalizar el juicio, sin todavía haber terminado el desfile de la prueba de justa causa del patrono CSEMYF y previo a iniciarse la prueba del E.L.A., así como la prueba de la demandante en su turno de refutación de la prueba del patrono, el TPI procedió a desestimar la demanda contra la Dra. Doris González Torres y contra el E.L.A. por prescripción de las causas de acción.[2]

Concluyó el tribunal de instancia que las reclamaciones contra el E.L.A. y González Torres, en su carácter personal, estaban prescritas porque no eran co-causantes solidarios de los daños. En apoyo a su conclusión, indicó que por no existir una relación obrero-patronal entre el E.L.A. y García Pérez ni vínculo alguno entre éstos, el E.L.A. no tenía responsabilidad alguna ante García Pérez, por lo cual la demanda inicial no interrumpió el término prescriptivo para entablar una reclamación en contra del E.L.A.

De otra parte, el foro de instancia señaló que aun si hubiese resuelto que el E.L.A. y González Torres eran co-causantes solidarios de los daños, la presentación de la demanda original no interrumpió el término prescriptivo porque no se incluyó una alegación de solidaridad en la demanda original, ni se le identificó a éstos como

---

[2] La continuación y finalización del juicio en su fondo fue suspendida y paralizada a petición de las partes, hasta la resolución final del trámite apelativo.

demandados de nombre desconocido. Sostuvo, además, que tampoco se hizo alegación alguna en la demanda inicial, imputándole responsabilidad a González Torres en su carácter personal.

A su juicio, el hecho que García Pérez, a la fecha de la presentación de la demanda inicial, conocía la relación existente entre la Corporación y el E.L.A. así como la identidad de González Torres y su rol de supervisora y Presidente de la Corporación, impedía que ésta los incluyera en el pleito transcurridos tres años desde la fecha del alegado despido, ello en vista de lo resuelto en Martínez Díaz v. E.L.A., a los efectos de que el punto de partida para el cómputo del término prescriptivo es el momento en que la parte afectada advino en conocimiento del daño y la identidad del causante del mismo.

Por último, el tribunal de instancia indicó que la Ley 80 y la Ley 3 no eran oponibles contra González Torres en su carácter personal, ni como supervisora, ya que éstas sólo le imponen responsabilidad al patrono real, es decir, a la Corporación. De igual forma, destacó que las reclamaciones laborales al amparo de las leyes 100, 80 y 69 no son oponibles al E.L.A. ni sus agencias e instrumentalidades.

Inconforme con tal determinación, García Pérez recurrió al Tribunal de Apelaciones, el cual confirmó la sentencia desestimatoria parcial recurrida, tras resolver que las reclamaciones entabladas contra González Torres y

el E.L.A. estaban prescritas, ya que en la demanda inicial nunca se efectuó una alegación sobre la solidaridad entre posibles co-causantes del daño ni se incluyó alegación alguna sobre la posible responsabilidad solidaria de dichas partes; en particular, en vista de que García Pérez conocía la identidad de González Torres y conocía que la Corporación llevaba a cabo labores para el Departamento de la Familia. De otra parte, el tribunal apelativo intermedio destacó que, aun si hubiese existido una relación obrero-patronal entre García Pérez y el E.L.A., la cual señaló nunca existió, las leyes laborales antidiscrimen no son de aplicación a los departamentos ejecutivos y agencias del E.L.A.

Insatisfecha aun, García Pérez recurrió ante este Tribunal --vía recurso de apelación-- planteando que incidió el foro de instancia al desestimar las causas de acción contra González Torres y el E.L.A. por el fundamento de prescripción sin atender los señalamientos relativos a la alegación de que la Corporación era un *alter ego* de González Torres y por ello procedía descorrer el velo corporativo. Sostiene que González Torres y el E.L.A. son co-causantes solidarios de los daños y la presentación de la demanda inicial interrumpió el término prescriptivo de las causas de acción contra éstos.

Acogido el recurso radicado como uno de *certiorari*, el 30 de noviembre de 2007 le concedimos término a la recurrida Dra. Doris González Torres para que mostrara

causa por la cual no debíamos expedir el auto y dictar Sentencia parcial, revocatoria de la emitida en el caso por el Tribunal de Apelaciones. Dicha parte ha comparecido; resolvemos.

I

En nuestra jurisdicción, la prescripción de las acciones es materia sustantiva, no procesal, regida por los Artículos 1840 al 1874 del Código Civil, 31 L.P.R.A. §§ 5261-5304; Sánchez v. Aut. de los Puertos, 153 D.P.R. 559 (2001). En ocasiones reiteradas hemos señalado que el propósito de dicha figura es "evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono". González v. Wal-Mart, Inc., 147 D.P.R. 215 (1998) (Sent.); Galib Frangie v. El Vocero de P.R., 138 D.P.R. 560 (1995).

El Artículo 1861 del Código Civil, 31 L.P.R.A. sec. 5291, establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". El tiempo se contará desde el día en que pudo ejercitarse la acción, salvo disposición especial en contrario. Artículo 1869 del Código Civil, 31 L.P.R.A. §5299.

El Artículo 12 de la Ley 80 establece un término prescriptivo de 3 años comenzando desde la fecha del despido para entablar una reclamación oportunamente. 29

L.P.R.A. §185l. En vista de que en los textos de la Ley 100, la Ley 3 y la Ley 69 no se dispone un término prescriptivo para solicitar los remedios allí concedidos, por tratarse de leyes laborales de carácter indemnizatorio, análogas al Artículo 1802 del Código Civil, hemos resuelto que a las mismas les aplica el plazo de un año, a contarse desde la fecha del despido. Véase Maldonado v. Russe, 153 D.P.R. 342 (2001); Olmo v. Young, 110 D.P.R. 470 (1981).

Al amparo de la teoría cognoscitiva del daño, dicho plazo de un año comienza a transcurrir desde que la parte perjudicada conoce que ha sufrido el daño y quién es el responsable del mismo. Artículo 1868 del Código Civil, ante; Vera v. Bravo, res. 27 de febrero de 2004, 2004 TSPR 30; De León v. Caparra Center, 147 D.P.R. 797 (1999); Ojeda v. El Vocero, 137 D.P.R. 315 (1994).

Por otro lado, el Artículo 1873 del Código Civil, 31 L.P.R.A. §5303, dispone que "[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor". Hemos indicado que los actos interruptivos representan la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. Sánchez v. Aut. de los Puertos, ante.

Nuestro Código Civil establece que, cuando se trata de una obligación solidaria, la interrupción del término prescriptivo beneficia o perjudica por igual a todos los acreedores o deudores. Artículo 1874 del Código Civil, 31 L.P.R.A. §5304. Ahora bien, el Código Civil impone la mancomunidad como regla general, y la solidaridad opera a modo de excepción. A tales efectos, el Artículo 1090, 31 L.P.R.A. §3101, establece que "[l]a concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación ni implica que cada uno de aquéllos tenga derecho a pedir ni [que] cada uno de estos deba prestar íntegramente las cosas objeto de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria." De modo que una obligación es solidaria cuando así se haga constar expresamente.

En el ámbito de los daños y perjuicios se presenta una situación inherentemente distinta a la relación contractual, ya que se persigue el resarcimiento del daño causado por una persona a otra a raíz de un acto ilícito civil. Según señala Brau del Toro, "[p]or la naturaleza de las circunstancias en que se producen daños como consecuencia de acto ilícito civil, es imposible que la víctima y los coautores pacten la responsabilidad solidaria de éstas…". H.M. Brau del Toro, El término prescriptivo y su interrupción en acciones en daños por

responsabilidad extracontractual solidaria en el derecho puertorriqueño, 44 Rev. Col. Abog. 203, 208 (1983).

Tanto la jurisprudencia como los tratadistas se inclinan a favorecer la solidaridad cuando se trata de los co-causantes de un daño o de imponerle responsabilidad a una persona por los actos de otra. C.J. Irizarry Yunqué, Responsabilidad Civil Extracontractual, 6ta Ed., Colombia, Panamericana Formas e Impresos S.A., pág. 343; J. Santos Briz, Derecho Civil: Teoría y Práctica, Madrid, Ed. Revista de Derecho Privado, 1973, T. III., pág. 141-42.

Sobre ello, Brau del Toro expresa que "[d]e acuerdo a la doctrina tradicional, los causantes del daño son responsables solidaria y mancomunadamente, pudiendo demandarse a uno o a varios, o a todos, por la totalidad de los daños." Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, pág. 528. En su opinión, tal supuesto se trata de una solidaridad legal, en tanto dimana de un mandato de ley. Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, pág. 603. José Puig Brutau también denomina la responsabilidad de los co-causantes de un daño como una de carácter solidario, derivada de la ley. J. Puig Brutau, Fundamentos de Derecho Civil, 4ta Ed., Ed. Bosch, 1988, T. I, Vol. II, pág. 159.

A juicio de Diez Picazo, ello surge del Artículo 1974 del Código Civil español, de similar estirpe al Artículo 1874 de nuestro Código Civil. L. Diez Picazo, La Prescripción en el Código Civil, Barcelona, Ed. Bosch,

1984, pág. 144. Por su parte, Irizarry Yunqué destaca que la responsabilidad solidaria de los co-causantes del daño no surge expresamente de la ley, sino surge de una interpretación judicial de las disposiciones de nuestro Código Civil. Irizarry Yunqué, *op. Cit.*, pág. 343.

Independientemente de su origen y de lo anteriormente expresado, no cabe duda que según señala Brau del Toro, la radicación a tiempo de una demanda por parte del perjudicado contra un coautor solidario interrumpe el término prescriptivo en perjuicio de todos los demás coautores solidarios y en beneficio de otros perjudicados que tuviesen, de acuerdo con las circunstancias del caso, una causa de acción solidaria con la del demandante que interpuso su acción a tiempo." Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, pág. 518; Véase Arroyo v. Hosp. de la Concepción, 130 D.P.R. 596 (1992).

La consecuencia principal de la solidaridad entre los co-causantes de un daño es que todos tienen la obligación de reparar el daño íntegramente. Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, pág. 625. Ahora bien, como señala Brau del Toro, entre los efectos secundarios de la solidaridad entre los co-causantes de un daño, se encuentra la interrupción del término prescriptivo en perjuicio de los demás co-causantes. Ello le ofrece mayor protección a la parte perjudicada, ya que cualquier gestión realizada en contra de un co-causante solidario se considera realizada contra todos por igual. Brau del Toro,

Los Daños y Perjuicios, *op. Cit.*, pág. 613-14, 625-26. Sobre tal punto, Diez Picazo también señala que la reclamación judicial o extrajudicial del acreedor interrumpe la prescripción, aunque sea dirigido a uno solo de los deudores solidarios. Diez Picazo, *op. Cit.,* pág. 144.

Ciertamente, este Tribunal ha tenido la oportunidad de discutir en reiteradas ocasiones el tema de la solidaridad en el contexto de la responsabilidad extracontractual. Nuestras expresiones se remontan a García v. Gob. de la Capital, 70 D.P.R. 333 (1949), ocasión en la que establecimos que las personas que ocasionan un daño son responsables solidariamente ante la persona afectada y ésta puede entablar una acción en contra de uno o todos los responsables. Véase, además, Rivera v. Great Am. Indemnity Co., 70 D.P.R. 825 (1950); Ramos v. Caparra Dairy, ante.

En García v. Gob. de la Capital II, 72 D.P.R. 138 (1951), atendimos por segunda ocasión el mismo caso, donde reafirmamos lo expresado en el 1949. Adicional a ello, resolvimos que en vista de lo expuesto en los Artículos 1090 y 1874 del Código Civil, "habiéndose interpuesto la demanda original contra los terceros demandantes dentro del año, […] la prescripción contra los terceros demandados había sido interrumpida y la demanda de tercero resultaba, por ende, radicada en tiempo." Dicho de otra manera, la presentación de la demanda contra uno de los

coautores del daño interrumpió el término prescriptivo para efectos de los demás coautores. Véase Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, pág. 572.

En el caso normativo de Arroyo v. Hosp. de la Concepción, ante, discutimos detenidamente la doctrina de la solidaridad y reconocimos que en el ámbito de la responsabilidad extracontractual estamos ante el supuesto de la solidaridad legal. Posiblemente, la contribución más importante de Arroyo, ante, descansa en el reconocimiento de los efectos secundarios de la solidaridad en casos de responsabilidad extracontractual y, en particular, las reglas de juego relativas a la interrupción del término prescriptivo para entablar una reclamación contra un coautor que no fue incluido en la demanda original. A tales efectos, en dicho caso comenzamos por reiterar que, con el propósito de salvaguardar los derechos de la parte perjudicada, la presentación de una reclamación judicial o extrajudicial contra un co-causante de un daño interrumpe el término prescriptivo en cuanto a los demás co-causantes solidarios del daño. Resolvimos que los co-causantes solidarios que no fueron incluidos en la demanda original podrán ser incluidos en el pleito mediante enmiendas a la demanda o mediante una demanda contra tercero. Para ello, citando a Brau del Toro, expresamos que "sólo se requiere alegar bien y suficientemente en la demanda el hecho que el nuevo demandado, o tercero demandado, según los casos, responde solidariamente por los daños reclamados con el

demandado original, contra quien se radicó demanda dentro del término prescriptivo dispuesto por el ordenamiento." Arroyo v. Hosp. de la Concepción, ante, a la pág. 608; Véase Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, pág. 630.

En resumidas cuentas, resulta evidente que en materia de daños y perjuicios, cuando son varios los que con sus actos u omisiones culpables o negligentes causan un daño, todos están obligados solidariamente a repararlo. Cada uno "queda obligado personalmente por razón de su propia culpa." Torres v. E.L.A., 136 D.P.R. 556, 564 (1994); J.R. Vélez Torres, Derecho de Obligaciones: Curso de Derecho Civil, 2da Ed., San Juan, Programa de Educación Jurídica Continua Facultad de Derecho UIPR, pág. 95. Así, se le brinda mayor protección a la persona perjudicada, quien puede reclamarle a cualquiera de los co-causantes la reparación íntegra del daño. Vélez Torres, *op. Cit.*, pág. 95; Irizarry Yunqué, *op. Cit.*, pág. 343; Puig Brutau, *op. Cit.*, pág. 167; J. Castán Tobeñas, Derecho Civil Español, Común y Foral, 14ta Ed., Madrid, Ed. Reus S.A., 1988, T. III, pág. 150; Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, pág. 518. En fin, la reclamación judicial o extrajudicial presentada contra uno de los co-causantes solidarios del daño interrumpe el término prescriptivo en perjuicio de los demás co-causantes solidarios. Véase: Arroyo v. Hosp. de la Concepción, ante; Sánchez v. American Airlines, 153 D.P.R. 559 (2001).

II

Mediante el primer señalamiento de error esbozado, García Pérez plantea, en síntesis, que erraron los foros recurridos al desestimar la reclamación contra González Torres por el fundamento de prescripción ya que ésta, como oficial de la Corporación, y alegada autora de los actos discriminatorios, es responsable solidariamente con la Corporación de los daños ocasionados.

En su segundo planteamiento de error, García Pérez alega que, tanto el foro de instancia como el apelativo, incidieron al no atender sus señalamientos en torno a que la Corporación era un *alter ego* de González Torres y que, por dicha razón, procedía descorrer el velo corporativo e imponerle responsabilidad a González Torres en su carácter personal. Sostiene que del testimonio de González Torres surge que la Corporación estuvo bajo el control absoluto de ésta, no había otros accionistas, no había una Junta de Directores, no existían minutas de reuniones ni resoluciones corporativas, operaba exclusivamente con fondos públicos, su único cliente fue el Departamento de la Familia y González Torres pagó deudas de la corporación con sus bienes personales. A su juicio, tales actuaciones ameritan la imposición de responsabilidad personal a González Torres, en aras de evitar un fraude, propósito ilegal o inequidad. Aduce que a causa de lo anterior, e independientemente de cualquier determinación en torno a

si González Torres es una co-causante solidaria del daño, la acción en contra de González Torres no está prescrita.

De entrada, es preciso aclarar que contrario a lo señalado por los foros recurridos, en el caso de marras, era a todas luces improcedente utilizar el mecanismo de demandados de nombre desconocido ya que García Pérez conocía claramente el nombre de quien fungió como presidenta de la Corporación, o sea, de González Torres. Además, ella sabía que la Corporación fue contratada por el Departamento de la Familia, agencia del E.L.A., con el propósito de proveer servicios a menores víctimas de abuso sexual. No existe controversia alguna sobre ello.

De otra parte, la conclusión del foro primario, y la confirmación posterior del tribunal apelativo, en torno a la ausencia de solidaridad entre la Corporación y González Torres, se basa en una interpretación errada de lo resuelto en Arroyo v. Hosp. de la Concepción, ante y otros casos posteriores.

Según indicamos anteriormente, en Arroyo v. Hosp. de la Concepción, ante, resolvimos que, de entrada, sólo es necesario alegar bien y suficientemente en la demanda el hecho de que el nuevo demandado o tercero demandado responde solidariamente por los daños reclamados en la demanda original que fue presentada oportunamente. Arroyo v. Hosp. de la Concepción, ante.

Brau del Toro destaca que previo a Arroyo v. Hosp. de la Concepción, ante, existía incertidumbre en torno a la

vigencia de la doctrina de la solidaridad y su efecto sobre el término prescriptivo para presentar acciones contra otros co-causantes que no fueron incluidos en el pleito inicial. Expresa que se desconocía el curso a seguir en este tipo de caso. Señala que ello se debía al uso de otros fundamentos legales para la adjudicación de controversias que podían haberse resuelto conforme la norma establecida en García v. Gob. de la Capital, ante.[3] Como consecuencia, curiosamente se llegaba al mismo resultado, es decir, se determinaba que la reclamación contra el nuevo demandado no estaba prescrita, sin atenderse las idiosincrasias y los efectos de la figura de la solidaridad en materia de daños y perjuicios. Brau del toro, Los Daños y Perjuicios, *op. Cit.*, pág. 628-29.

Sin embargo, tales deficiencias fueron eliminadas con nuestros pronunciamientos en Arroyo v. Hosp. de la Concepción, ante. Las exigencias que impusimos allí para que se entienda interrumpido el término prescriptivo no requiere, como única alternativa, que se alegue en la demanda original la solidaridad de los co-causantes en la demanda inicial sino que dicho planteamiento puede hacerse en la solicitud de enmienda a la demanda o demanda contra

---

[3] Entre ellos, señaló el uso de la Regla 13.3 de Procedimiento Civil, relativa a la retroactividad de las enmiendas, y las disposiciones relativas a las demandas contra terceros, las cuales también son de aplicación a casos que no versan sobre la responsabilidad solidaria en materia extracontractual.

tercero, mediante la cual se pretende incluir al co-causante solidario al pleito.

Dicho de otra manera, la reclamación contra dicho coautor prospera cuando se alega bien y suficientemente en la demanda original o cuando se trae al pleito el nuevo demandado, incluyéndolo mediante enmienda, o cuando el tercero demandado, responde solidariamente con el demandado original contra quien se presentó una demanda oportunamente. Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, 630, Brau del Toro, El término prescriptivo, *op. Cit.*, pág. 243.

Debe quedar claro, sin embargo, que aun cuando el tribunal determine, para efectos de la prescripción, que el nuevo demandado puede serle solidariamente responsable al demandante, ello sólo es para efectos de que se le incluya en el pleito como demandado. Es decir, no prejuzga la determinación de responsabilidad por los daños alegados. Incluso, el nuevo demandado tiene la oportunidad de demostrar que no es responsable de los daños alegados y de así hacerlo, se le eximirá de toda responsabilidad. Brau del Toro, Los Daños y Perjuicios, *op. Cit.*, pág. 635.

González Torres arguye que en Martínez Díaz v. E.L.A., ante, caso posterior a Arroyo v. Hosp. de la Concepción, ante, modificamos lo allí establecido. Argumenta que en Martínez Díaz v. E.L.A., ante, se expresó que "aun habiéndose levantado la figura de solidaridad, conforme a García v. Gob. De la Capital, *supra*, –– **la**

**demanda contra el alegado cocausante estaba prescrita si conocía de antemano la verdadera identidad y no lo trajo originalmente al pleito.**" No tiene razón.

En primer término, cabe destacar que la anterior conclusión se deriva de una Sentencia, la cual no constituye precedente. De otra parte, los hechos procesales de Martínez Díaz v. E.L.A., ante, se diferencian totalmente a los del caso de autos. Allí, el demandante Martínez Díaz presentó una demanda contra la Panadería Valoi, John Doe Empleado y las compañías aseguradoras cuyo nombre desconocía, por los daños que sufrió a causa del disparo propinado por el alegado "guardia de seguridad que trabajaba para la panadería". Posteriormente, solicitó enmendar la demanda para incluir como demandados a José de Jesús Muriel y al E.L.A., imputándole al primero haberle disparado mientras actuaba en funciones de su empleo con la "Policía de Puerto Rico y/o la Panadería Valoi", alegando que la demanda originalmente radicada había interrumpido el término prescriptivo tanto en relación con De Jesús Muriel como en cuanto al E.L.A.

Un examen detenido de los hechos de ese caso demuestra la existencia de una diferencia patente entre dicho caso y la controversia que ahora atendemos. Distinto al caso de marras, en Martínez Díaz v. E.L.A., ante, De Jesús nunca fue un empleado de la Panadería Valoi. Por lo cual, no existía una relación entre éste y la Panadería

Valoi, ni mucho menos entre La Panadería Valoi y el E.L.A. En vista de lo anterior, tampoco hubo una relación solidaria entre la Panadería Valoi, De Jesús y el E.L.A. Como consecuencia, la presentación de la demanda original contra la Panadería Valoi no interrumpió el término prescriptivo en perjuicio de De Jesús y el E.L.A.

Por otro lado, es preciso resaltar que en Martínez Díaz v. E.L.A., ante, la verdadera controversia giraba en torno al uso del mecanismo de demandado desconocido habilitado por la Regla 15.4 de Procedimiento Civil. Aun cuando el demandante Martínez Díaz conocía la identidad y nombre del causante de sus daños, o sea, De Jesús, no lo incluyó en la demanda. Por lo tanto, cuando finalmente lo incluyó como demandado, la acción en su contra estaba prescrita. Sobre el particular, señalamos que la demanda estaba prescrita porque, "si conociendo, o *debiendo conocer*, el nombre del demandado, el demandante opta por no demandarlo e incluye en su demanda un demandado de nombre ficticio, no podrá ampararse en la Regla 15.4 de Procedimiento Civil [sic] para sustituir a este último por aquel cuya identidad y cuyo nombre conocía desde la interposición original de la demanda." (Énfasis suplido.) De la prueba surgía que desde el día de los hechos, Martínez Díaz sabía la identidad de De Jesús y de que éste no era un empleado de la Panadería Valoi sino un policía que estando fuera de servicio, vestido de civil, de casualidad se encontraba en la panadería.

González Torres, aludiendo a Martínez Díaz v. E.L.A., ante, señala que, en vista de que García Pérez conocía su identidad a la fecha de la presentación de la demanda inicial y aun así no la incluyó como demandada, la reclamación en su contra está prescrita. Es errado su razonamiento. Adviértase que, según destacamos anteriormente, en Martínez Díaz v. E.L.A., ante, no había solidaridad alguna entre De Jesús, el E.L.A. y los demandados originales porque De Jesús nunca fue empleado de la Panadería Valoi, la parte originalmente demandada. Nuestras expresiones en dicho caso en torno a que el conocimiento de la identidad de De Jesús impidió la retroactividad de las enmiendas a la demanda se debió exclusivamente a que el demandante intentó utilizar el mecanismo de demandado desconocido cuando en realidad conocía la identidad del que le disparó desde que presentó la demanda inicial.

Distinto a dicho caso, en el caso de autos, como Presidenta de la Corporación, supervisora de García Pérez y la alegada causante de los actos discriminatorios, existía una relación entre González Torres y la Corporación que, *prima facie*, la hace responsable solidariamente por los daños alegados por García Pérez desde la demanda inicial.

La decisión emitida en Arroyo v. Hosp. de la Concepción, ha sido reiterada por este Tribunal, una y otra vez, respecto a la adjudicación de controversias

relativas a la solidaridad de los co-causantes de un daño. Véase Ortíz v. R & R Motor Sales, 131 D.P.R. 829 (1992); Torres v. E.L.A., 136 D.P.R. 556, 564 (1994); P.R. Fuels v. Empire Gas Co., 149 D.P.R. 691 (1999); Sánchez Montalvo v. American Airlines, 153 D.P.R. 559 (2001); Blas Toledo v. Hosp. Ntra. Sra. de la Guadalupe, res. 30 de marzo de 2006, 2006 TSPR 47; Rivera Hernández v. Comtec, res. 22 de junio de 2007, 2007 TSPR 131.

En el caso de autos, García Pérez alegó, de forma expresa, en la demanda inicial que los actos discriminatorios que culminaron en su despido comenzaron cuando González Torres advino en conocimiento de su estado de embarazo. García Pérez identificó a González Torres como la principal partícipe en los actos discriminatorios llevados a cabo en su contra. De modo que erró el foro apelativo al resolver que en la demanda inicial no se hizo alegación alguna contra González Torres más allá de aquellas relativas a su rol como Presidenta de la Corporación.

Posteriormente, en la demanda enmendada, García Pérez planteó explícitamente que González Torres, la Corporación y el E.L.A. le eran responsables solidariamente. Por lo tanto, contrario a lo planteado por González Torres, para derrotar la defensa de prescripción, García Pérez no solo alegó que González Torres era un *alter ego* de la Corporación, sino expuso palmariamente en la demanda enmendada que "la parte querellada (entre las cuales está

incluida González Torres) responde solidariamente por todos los daños causados" a García Pérez. Asimismo, expuso que González Torres fue su supervisora inmediata y la responsable de su despido.

En esta etapa, no nos corresponde resolver, en forma definitiva, los méritos de la reclamación de García Pérez contra la Corporación ni contra González Torres, sino únicamente resolver, de forma preliminar, la controversia relativa a la responsabilidad solidaria y la prescripción de las acciones en contra de González Torres y el E.L.A. Le atañe al tribunal *a quo* --en su día, y luego de finalizado el desfile de toda la prueba que tengan a bien presentar las partes-- determinar la procedencia jurídica de las reclamaciones contra la Corporación y González Torres a la luz de cada una de las leyes laborales aludidas en la demanda y de los Artículos 1802 y 1803 del Código Civil.

Dicho de otro modo, la determinación que hoy emitimos en torno a la existencia de solidaridad entre González Torres y la Corporación descansa en el cumplimiento de los criterios requeridos a esos efectos por nuestra jurisprudencia respecto a la interrupción del término prescriptivo para presentar una reclamación en contra del coautor de los daños que no fue incluido inicialmente en la demanda. Nuestra decisión no pretende adjudicar el caso en sus méritos, a saber, si González Torres y la Corporación en efecto le ocasionaron a la demandante los

daños alegados en la demanda. A García Pérez le corresponde presentar prueba a tales efectos en el juicio plenario.[4]

III

En mérito de lo antes expuesto, procede expedir el auto de *certiorari* y <u>confirmar</u> la parte de la sentencia recurrida en la cual se desestimó la causa de acción contra el E.L.A. bajo el fundamento de prescripción. <u>Revocamos</u>, por otro lado, la porción del dictamen recurrido que desestimó la reclamación contra González Torres por entender que ésta puede ser responsable solidariamente con la Corporación por los alegados daños ocasionados a García Pérez.

Se dictará Sentencia de conformidad.

FRANCISCO REBOLLO LÓPEZ<br>Juez Asociado

---

[4] En vista de lo antes expuesto, en esta etapa resulta innecesario expresarnos respecto al señalamiento de la demandante de que la Corporación era un *alter ego* de González Torres.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Eva García Pérez

    Apelante

        vs.                     AC-2007-69        APELACIÓN

Corporación de Servicios
Especializados para la Mujer
y la Familia, etc.

    Apelados


SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2008


       Por los fundamentos expuestos en la Opinión que antecede, se dicta Sentencia confirmatoria de la parte de la sentencia recurrida en la cual se desestimó la causa de acción contra el E.L.A. bajo el fundamento de prescripción. Se revoca, por otro lado, la porción del dictamen recurrido que desestimó la reclamación contra la Dra. Doris González Torres por entender que ésta puede ser responsable solidariamente con la Corporación por los alegados daños ocasionados a la Sra. Eva García Pérez.

       Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton y la Juez Asociada señora Rodríguez Rodríguez emitieron Opiniones disidentes.


                         Aida Ileana Oquendo Graulau
                       Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Eva García Pérez

    Apelante

       v.                        AC-2007-69   Apelación

Corporación de Servicios
Especializados para la
Mujer y la Familia, etc.

    Apelados


Opinión Disidente emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON


San Juan, Puerto Rico, a 30 de junio de 2008.

Una vez más, una Mayoría de este Tribunal, a la luz de lo resuelto en Arroyo v. Hospital La Concepción, 130 D.P.R. 596 (1992), aplica automáticamente la doctrina de solidaridad en materia de daños para permitir que se incluya tardíamente como codemandada a una alegada cocausante solidaria del daño. Dicho curso de acción, a nuestro juicio, demuestra las consecuencias adversas que acarrea nuestra normativa actual, pues socava la figura de la prescripción como norma de derecho sustantivo. Por esta razón, disentimos, igual que lo hicimos en Arroyo v. Hospital La Concepción, *Id*.

De la propia Opinión Mayoritaria surge que la demandante, Sra. Eva García Pérez, conocía que había sufrido el alegado daño y que la Dra. Doris González Torres –presidenta de la Corporación de Servicios Especializados para la Mujer y la Familia– era una de las alegadas responsables del mismo. De hecho, en la demanda original que García Pérez presentó en contra de la Corporación, ésta alegó que **desde que la doctora González Torres advino en conocimiento de su estado de embarazo fue sometida a actos discriminatorios que desembocaron en su despido**. A pesar de lo anterior, García Pérez no incluyó a la doctora González Torres en su demanda. Por el contrario, optó por hacerlo **tres años después**, actuación que a nuestro juicio demuestra su dejadez y abandono, pero que la Opinión del Tribunal hoy avala bajo el fundamento de que la demanda instada en contra de la Corporación interrumpió automáticamente la causa de acción en contra de la doctora González Torres.

Al igual que en <u>Arroyo</u>, la situación fáctica que presenta el caso de autos constituye una oportunidad desaprovechada para considerar la adopción de la doctrina francesa de obligación *in solidum* a nuestro ordenamiento jurídico. Ello es así pues dicha doctrina exige que el demandante interrumpa el término prescriptivo de la acción en contra de cada demandado por separado, prohibiendo de esa forma que la decisión sobre cuándo traer al pleito a un cocausante solidario quede al arbitrio del demandante. Así, la doctrina de responsabilidad *in solidum* previene la

incertidumbre que ocasiona la pendencia indefinida de una causa de acción, cosa que es contraria a los fundamentos de la figura de la prescripción y que el estado de derecho actual no ha superado.

Por todo lo anterior, reiteramos nuestras expresiones disidentes de Arroyo v. Hospital La Concepción, *supra*. Igualmente, aunque entendemos que este caso no presenta la coyuntura adecuada para expresarnos en torno a los efectos de la doctrina de solidaridad imperfecta u obligación *in solidum* sobre una posible acción de nivelación, compartimos el criterio esbozado por la compañera Juez Asociada señora Rodríguez Rodríguez en su Opinión Disidente en tanto entiende que debemos revisar nuestra normativa vigente respecto a la interrupción del término prescriptivo en los casos donde concurran cocausantes solidarios del daño.


                                    Federico Hernández Denton
                                           Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Eva García Pérez

    Peticionaria

       v.

Corp. de Servicios              AC-2007-69
Especializados Para la Mujer
Y la Familia (C.E.M.Y.F.),
Dra. Doris González; Estado
Libre Asociado de Puerto Rico,
(E.L.A.)

    Recurrida

Opinión Disidente emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 30 de junio 2008

Este caso nos brinda la oportunidad de reexaminar la normativa vigente sobre la prescripción de la causa de acción de daños y perjuicios cuando coincide más de un causante del daño. Este Tribunal ha resuelto que los cocausantes de un daño quedan obligados solidariamente para con la víctima. Consecuentemente, la interrupción del término prescriptivo contra uno de ellos interrumpe a su vez para todos los demás.

La solidaridad propia de naturaleza pasiva, en cuya virtud el acreedor tiene derecho a exigir el cumplimento íntegro de la obligación a cualquier miembro del grupo compuesto de varios deudores, es

una forma de responsabilidad colectiva. Así entendida, es, fundamentalmente, el instrumento empleado para ampliar el círculo de responsables del daño causado.

No obstante, ésta no es la única manera en que se ha tratado la responsabilidad derivada de la culpa o negligencia. En tal rigor, la doctrina y la jurisprudencia han identificado una solidaridad especial, exclusiva de la peculiar relación que surge entre la víctima y los varios causantes del daño que sufre. Se trata de lo que se ha denominado como "solidaridad impropia" o "solidaridad imperfecta" o la doctrina de la "obligación *in solidum*". Bajo ésta, los efectos primarios de la solidaridad, como por ejemplo, que cada codeudor sea responsable de pagar la totalidad de la deuda, se mantiene; más sin embargo, aquellos efectos que se consideran secundarios, como el principio que propone que la interrupción del término prescriptivo contra uno de los cocausantes interrumpa a su vez para todos los demás, no rigen.

Soy del criterio que debemos revisar nuestra normativa respecto la solidaridad en las acciones de daños y perjuicios cuando coinciden más de un responsable del daño, para adoptar la normativa respecto la interrupción del término prescriptivo que prima en la obligaciones *in solidum*. Esta forma de aplicar el instituto de la prescripción es la más justa y la que mejor armoniza con otras figuras del ordenamiento. Me explico.

A mi juicio, nuestra normativa actual incide sobre el funcionamiento ordenado del Derecho. Este caso es un

perfecto ejemplo de ello, pues al aplicar la doctrina de la solidaridad pasiva conforme la hemos establecido, permitimos que se le reclame a quién no se trajo al pleito en tiempo y, salvo la normativa de solidaridad pasiva adoptada, no permitiríamos que se le reclamase pues la acción en su contra está prescrita. El resultado a que llega la Mayoría choca irremediablemente con los principios que cimientan la figura de la prescripción, que como sabemos, es piedra angular de nuestro Derecho.

La regla vigente permite que una persona que está en posición de ejercitar su causa de acción contra todos los corresponsables de su daño no lo haga y descanse en que ya le reclamó a otro de esos responsables, por lo que su acción no habrá de prescribir respecto a ese contra quien no se ha accionado. Claramente, esto permite extender la vigencia de la causa de acción contra ese corresponsable del daño indefinidamente, lo que es contrario a los fines que animan la institución de la prescripción. Es para evitar esos efectos no deseados que supone la solidaridad pasiva en el campo de la responsabilidad extracontractual, que estimo que debemos recurrir a principios que animan la doctrina de la obligación *in solidum*. Soy del criterio por lo tanto, que la víctima debe interrumpir la prescripción frente a cada uno de los cocausantes del daño para conservar su acción contra cada uno de ellos por el cariz *in solidum* de la obligación. Por esta razón, disiento de la opinión que suscribe el Tribunal.

I

En nuestro ordenamiento, la prescripción es un derecho sustantivo no susceptible a la flexibilidad que caracteriza a las normas procesales. *Umpierre Biascoechea v. Banco Popular de Puerto Rico,* res. 5 de febrero de 2007, 170 D.P.R. ___, 2007 T.S.P.R. 21 (Rodríguez Rodríguez, J., Op. de conformidad); *Vera Morales v. Bravo Colón*, 161 D.P.R. 308, 321 (2004); *Vega Lozada v. J. Pérez & Cía. Inc.*, 135 D.P.R. 746, 753 (1994). Por esa razón, una vez se determina que alguna causa de acción está prescrita, resulta imperativo su desestimación. *Umpierre Biascoechea v. Banco Popular de Puerto Rico, supra*; *Rivera Prudencio v. Municipio de San Juan,* res. 2 de febrero de 2007, 170 D.P.R. ___, 2007 T.S.P.R. 19. Es decir, los tribunales no tienen discreción alguna para flexibilizar la aplicación de la figura.

El rigor de la figura de la prescripción se justifica por los propósitos que persigue, los cuales son fundamentales para el buen funcionamiento de nuestro sistema de Derecho. Se trata de "fomentar el pronto reclamo de los derechos a la misma vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra." *Umpierre Biascoechea v. Banco Popular de Puerto Rico, supra*. Así se protege la estabilidad de las relaciones jurídicas, principio trascendental del ordenamiento jurídico, que tiene prelación sobre los derechos particulares que puedan resultar afectados con la aplicación de la figura de la

prescripción.    *Westernbank Puerto Rico v. Registradora,* res. 24 de agosto de 2007, 172 D.P.R. ___, 2007 T.S.P.R. 160, (Rodríguez Rodríguez, J., Op. de conformidad); *Umpierre Biascoechea v. Banco Popular de Puerto Rico, supra,* y fuentes allí citadas.    El legislador establece un término prescriptivo para el ejercicio de una acción judicial como mecanismos para propiciar y proteger la estabilidad jurídica.    *Véase,* L. Diez Picazo y Ponce de León, *La prescripción extintiva en el Código Civil y en la Jurisprudencia del Tribunal Supremo,* Thomson-Civitas, Madrid, España, 2003, págs. 36-37.

En materia de daños y perjuicios, la prescripción está establecida en el Artículo 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5298.    Allí se establece que prescribe por el transcurso de un (1) año la acción para exigir la responsabilidad civil por las obligaciones derivadas de la culpa o negligencia de que se trata el Artículo 1802 desde que lo supo el agraviado.[5]    El hecho de que el legislador haya establecido expresamente un término prescriptivo de un (1) año para ejercitar la acción de daños y perjuicios denota el propósito de que dicha acción se ejercite con premura.

---

[5] El Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, establece:
> El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.    La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización.

Ello, en concordancia con la realidad de que, contrario a lo que ocurre con las obligaciones contractuales, este tipo de obligación surge sin que exista un acuerdo previo entre las partes, factor que hace imperioso el ejercicio expedito de la acción. En estos casos, por razón de una actuación dañosa, dos personas quedan vinculadas en una relación jurídica no acordada, que acarrea una obligación no pactada. *Véase*, H.M. Brau del Toro, *El Término Prescriptivo y su Interrupción en Acciones en Daños por Responsabilidad Extracontractual Solidaria en el Derecho Puertorriqueño*, Rev. Col. Abog. 203, 208 (1983).

Respecto a lo anterior, en *Arroyo v. Hospital La Concepción*, 130 D.P.R. 596, 602 (1992) indicamos, citando a Borrell Macía, que estas obligaciones surgen "de una manera unilateral, en virtud de un acto realizado por una persona…". Véase además, A. Borrell Macía, *Responsabilidades Derivadas de Culpa Extracontractual Civil*, 2da ed., Barcelona, Ed. Bosh, 1958, pág. 319. Aun cuando estamos sustancialmente de acuerdo con lo anterior, a saber, que la actuación ilícita conlleva obligarse voluntariamente a reparar los daños causados, entiendo que el alcance de la obligación es incierto y no se ha consentido a ello. Es decir, el monto de los daños es un asunto que se dilucida posteriormente y de ordinario, el obligado no conoce el alcance de su obligación hasta ese momento.

Por otro lado, para aplicar adecuadamente el precepto legal de la prescripción a las obligaciones que surgen de

un acto ilícito, es necesario establecer desde cuándo comienza a correr el término prescriptivo. Como sabemos, el Artículo 1868 del Código Civil establece que el término prescriptivo comienza a transcurrir desde que el agraviado supo del daño. Esto es lo que llamamos la teoría cognoscitiva del daño. Además, para que comience a transcurrir el término prescriptivo la víctima debe estar en posición de ejercer la causa de acción, según dispone el Artículo 1869 del Código Civil, 31 L.P.R.A. sec. 5299. *Vera Morales v. Bravo Colón*, 161 D.P.R. 308, 328 (2004). Estos preceptos se aplican bajo el estándar de una persona razonable y prudente. Es decir, el término prescriptivo comienza desde el momento en que el perjudicado, actuando con la debida diligencia, debió reconocer que se le había infringido un daño y debió estar en posición de ejercer su acción. *Vera Morales v. Bravo Colón, supra*, pág. 328; *López v. Autoridad de Carreteras*, 133 D.P.R., 243, 256 (1993). Todo lo anterior persigue "castigar la inercia en el ejercicio de los derechos, pues ello da lugar a una presunción legal de abandono". *Umpierre Biascoechea v. Banco Popular de Puerto Rico, supra.*

## II

A través de nuestros pronunciamientos jurisprudenciales hemos ido matizando nuestra normativa respecto los cocausantes del daño y la naturaleza de su responsabilidad frente al agraviado. No siempre sostuvimos el criterio que hoy prima y al cual hicimos referencia en el inicio. Veamos.

En *Cruz v. Frau*, 31 D.P.R. 92, 100 (1922), adoptamos el principio del alcance totalitario de la responsabilidad de cada uno de los cocausantes de un daño. Específicamente establecimos que:

> Cuando se ocasiona un daño por la negligencia concurrente de dos personas y éste no hubiera ocurrido a falta de una u otra, la negligencia de ambas es la causa próxima del accidente, y las dos son responsables. Bajo tales circunstancias es razonable hacer a cada una responsable de toda la pérdida pues la misma no hubiera tenido lugar sin la negligencia de una u otra.

*Cruz v. Frau*, *supra*, pág. 100, citando a 22 Ruling Case Law, págs. 129-130. Nótese, que en la expresión citada no se hace referencia a la figura de la solidaridad. Allí nos circunscribimos a demarcar el alcance de la responsabilidad que se deriva de la comisión del acto dañoso y lo construimos en referencia a la doctrina de causa próxima. Adviértase además, que la normativa adoptada en *Cruz* no fluye de un análisis de las disposiciones del Código Civil que gobiernan la materia, sino que se sustrajo del derecho común. Podemos concluir entonces, que la regla adoptada en *Cruz v. Frau*, *supra*, pág. 100, no se refería a la figura de la solidaridad. Se trataba de especificar la responsabilidad que emana de la actuación ilícita para con la víctima.

Distinto a lo que sucede con las obligaciones contractuales en las cuales el cumplimiento gira alrededor de la obligación contraída, en materia extracontractual, el cumplimiento de la obligación se logra con el reparo del daño causado. Es decir, lo que define el alcance de

obligación es el daño sufrido por la víctima. *Véase,* Borrell Macía, *op cit.,* pág. 236-239; C. J. Irizarry Yunqué, *Responsabilidad Civil Extracontractual,* sexta edición, Colombia, Panamericana Formas e Impresos S.A., 2007, págs. 12-17; F. Soto Nieto, *La Responsabilidad Civil Derivada del Ilícito Culposo, Vinculaciones Solidarias,* Madrid, Editorial Montecorvo, S.A., 1982, págs. 126-127. De ahí, que un cocausante del daño esté obligado a reparar el daño en su totalidad pues el resarcimiento parcial no permite hacer efectiva la responsabilidad contraída con la víctima al incurrir en el acto dañoso. *Véase,* A.C. Montes, *Mancomunidad o Solidaridad en la Responsabilidad Plural por Acto Ilícito Civil,* Barcelona, Ed. Bosh, 1985, págs. 126-128, 136.

Lo anterior es una interpretación razonable del Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, el cual establece:

> El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización.

Vemos cómo este precepto legal establece que el que causa un daño está obligado a reparar el daño causado. Cuando hay más de un causante, todos causan el daño. Por lo tanto, podemos interpretar que cada uno está obligado a reparar el daño causado. *Cruz v. Frau, supra,* pág. 100.

Posteriormente, en *Cubano v. Jiménez,* 32 D.P.R. 167, 170 (1923), expresamente dijimos que "la tendencia de la

jurisprudencia ha[bía] sido declarar *in solidum* la responsabilidad de los varios demandados…". Expresamos también, que en *Cruz* ya se había establecido esta normativa. Así, a menos de un año de resuelto *Cruz v. Frau*, sostuvimos que allí habíamos adoptado la normativa de responsabilidad *in solidum.*

Aquí conviene una breve digresión para abordar la figura de la obligación *in solidum*, o de la solidaridad imperfecta. Ésta se define como un "tipo de obligación [que] genera para cada deudor el deber de pagar el todo, pero sin que se produzcan los efectos secundarios de la solidaridad." I. Díaz de Lezcano, *La no Presunción de Solidaridad en la Obligaciones, Estudio en Torno a la Jurisprudencia del Tribunal Supremo*, Madrid, Marcial Pons, 1997, pág. 109. Así, la obligación *in solidum* tiene el efecto primario de la solidaridad en la que cada deudor queda obligado a satisfacer la deuda de forma total. Empero, la obligación *in solidum* no conlleva los efectos secundarios de la solidaridad, como lo es el que la interrupción del término prescriptivo contra uno de los cocausantes de un daño, interrumpa a su vez para todos los demás. C. Gómez Ligüerre, *Solidaridad y derecho de daños. Los límites de la responsabilidad colectiva*, Navarra, Thomson Civitas, 2007, págs 126-127. Y es que se ha visto "en la añosa figura de la 'solidaridad impropia' la solución a uno de los problemas que plantea la responsabilidad solidaria: la interrupción de la prescripción." Gómez Ligüerre, *op. cit.*, pág. 129. Véanse

además, STS 5.6.2003 (RJ 4124); STS 26.3.2003 (RJ 4254); STS 14.3.2003 (RJ 3645). Esta fue la figura que primaba en nuestro ordenamiento en materia de responsabilidad de un cocasusante de un daño durante la primera parte del siglo XX.

Retomando la discusión de nuestra jurisprudencia, en *García v. Gobierno de la Capital*, 72 D.P.R. 138, 148-149 (1951), no obstante lo indicado en *Cruz* y *Cubano*, extendimos al campo de daños y perjuicios los Artículos 1094, 1098 y 1874 del Código Civil, 31 L.P.R.A. secs. 3105, 3109 y 5304, que regulan los efectos de la solidaridad. Allí se resolvió que los cocausantes de un daño que paguen la totalidad de la obligación, como deudores solidarios les asiste el derecho de contribución establecido en el Artículo 1098 del Código Civil. Resolvimos además, que al interponerse la demanda original dentro del término prescriptivo, quedaba interrumpida la prescripción contra los demás corresponsables a los fines de que estos últimos pudieran ser traídos al pleito como terceros demandados por los demandados originales. Esto, aplicando los Artículos 1094 y 1874 del Código Civil referentes a los efectos de la solidaridad.

Finalmente en *Arroyo v. Hospital La Concepción, supra*, se reiteró la aplicación de los efectos de la solidaridad en nuestro ordenamiento al campo de la prescripción de las acciones de daños y perjuicios. Resolvimos que la interrupción del término prescriptivo contra uno de los cocausantes de un daño interrumpe el término prescriptivo

en relación con los demás, por ser éstos deudores solidarios.

En aquella ocasión, el entonces Juez Asociado señor Hernández Denton, expresó su disconformidad con la aplicación automática de la doctrina de solidaridad entre cocausantes de un daño. Sugirió, en su Opinión disidente, la adopción de la doctrina de responsabilidad *in solidum*. Criterio, que evidentemente comparto, respecto al asunto aquí discutido.

Lo cierto es que ni en *García v. Gobierno de la Capital, supra,* ni en *Arroyo v. Hospital La Concepción, supra,* atendimos la incongruencia que presentaba lo allí resuelto con nuestros previos pronunciamientos en *Cubano v. Jiménez, supra.* A mi juicio, tampoco abordamos satisfactoriamente por qué debíamos hacer caso omiso a los fundamentos que sustentan la extensión de un término prescriptivo según establecido por el legislador en el Código Civil para las acciones de daños y perjuicios. El resultado ha sido que, jurisprudencialmente, hemos construido una norma sobre solidaridad en la responsabilidad extracontractual que no está expresamente incluida en nuestro Código Civil y le hemos dado primacía sobre el instituto de la prescripción, que sí está regulado.

Aun cuando coincidimos con lo dicho en *Arroyo v. Hospital La Concepción, supra*, págs. 605-607, en cuanto a que el derecho debe ser uniforme, entendemos que en materia de responsabilidad extracontractual el fin último de la

normativa debe ser obtener un resultado justo y equitativo para todas las partes. Esto, pues como ya advertimos, este tipo de obligación surge sin que exista acuerdo alguno entre las partes y, contrario a lo que ocurre con las obligaciones contractuales, no existe la oportunidad de negociar los términos de la obligación ni de consentir a la misma.

Por todo lo anterior, soy del criterio que en nuestra jurisdicción, en materia de prescripción de la causa de acción de daños y perjuicios cuando coincide más de un causante, debemos adoptar el principio de la obligación *in solidum*. Adoptada la misma, la víctima debe interrumpir la prescripción en relación con cada uno de los cocausantes del daño para conservar la acción contra cada uno de ellos, tal y como ocurre en las obligaciones *in solidum*. Este principio es el más congruente, a mi juicio, con la naturaleza de nuestro ordenamiento.[6]

Esta normativa no le impone una carga indebida a la víctima pues se trata de que ejercite su acción dentro del término prescriptivo establecido por ley. La víctima tendría el mismo deber de diligencia que tiene cuando sólo hay un causante del daño. Sigue siendo de aplicación la teoría cognoscitiva del daño, la cual establece que el término prescriptivo comienza cuando la víctima puede

---

[6] Adviértase que no estamos proponiendo la adopción de la doctrina de la obligación *in solidum* en toda su extensión, sino sólo en cuanto al aspecto que se refiere a la interrupción del término prescriptivo cuando coincide más de un causante del daño, por ser esa la controversia ante nuestra consideración en este caso.

ejercer la acción. Esto permite que si posteriormente, e incluso durante un pleito contra uno de los cocausantes del daño, la víctima adviene en conocimiento de la existencia de otro cocausante, su acción contra este último no estará prescrita.

Por el contrario, la normativa vigente permite que una persona que está en posición de ejercitar su causa de acción contra uno de los cocausantes, no lo haga y descanse en que su reclamación no prescribirá por haber demandado a otro de los cocausantes. Esta incertidumbre y dilación en el ejercicio del derecho es precisamente lo que pretende evitar la figura de la prescripción. Como dijimos, el propósito de la prescripción es fomentar el pronto reclamo de los derechos y procurar la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra. Así le impartimos estabilidad a las relaciones jurídicas.

Por último, es preciso abordar el efecto que pueda tener la adopción de esta norma en la posible demanda contra tercero o acción de nivelación que puedan surgir a raíz de una acción de daños y perjuicios. Una vez se resuelve que la acción está prescrita, soy del criterio que no se podrá recobrar mediante demanda contra tercero o en nivelación de ese cocausante. Esto, pues si la acción está prescrita para la víctima, debe estarlo también para ese cocausante. La obligación del cocausante no puede depender de quién sea el demandante. Ello tendría el efecto de evadir la norma, pues el corresponsable que no ha sido

demandado estaría sujeto a responder, aun cuando haya prescrito la causa de acción original.[7] *Véase, Pauneto v. Nuñez,* 115 D.P.R. 591, 596 (1984); *Rivera Hernández v. Comtec Communication y otros,* res. 22 de junio de 2007, 171 D.P.R. ___, 2007 T.S.P.R. 131.

Ahora bien, a los fines de lograr una solución justa, soy del criterio que en caso de que se establezca que la acción está prescrita en relación a uno de los cocausantes del daño, el perjudicado asume el por ciento de responsabilidad que se le adjudique a ese cocausante. Ésto, pues ha sido su inercia lo que ha causado que la acción prescriba. Además, evita un perjuicio innecesario a los demás cocausantes del daño quienes ahora, no obstante la falta de diligencia de la víctima, responden de la totalidad del daño. Lo mismo ocurre cuando el perjudicado transige con uno de los cocausantes y asume su responsabilidad, tanto para con él como en la relación interna entre cocausantes, al no ejercer la causa de acción contra uno de los cocausantes dentro del término prescriptivo, el perjudicado debe asumir su responsabilidad. *Véase, Szendrey v. Hospicare Inc.,* 158 D.P.R. 648 (2003); *Blás v. Hospital Guadalupe II,* res. 30 de marzo de 2006, 167 D.P.R. ___, 2006 T.S.P.R. 47.

---

[7] Soy consciente de que la nivelación y la demanda contra tercero son causas de acción distintas, pero en virtud de que tienen su génesis en la acción de daños y perjuicios, entiendo que su ejercicio debe circunscribirse a la vigencia de la acción que las motiva.

**III**

En el caso ante nuestra consideración, en la querella inicial, presentada el 31 de marzo de 1999, la demandante identificó a la doctora Doris González Torres como la persona que cometió los actos discriminatorios en su contra. Por lo tanto, al momento de instar la querella original, la demandante conocía de su daño, de la identidad de la doctora González Torres y estaba en posición de entablar una acción en contra de esta última. A pesar de ello, no fue hasta el 1 de abril de 2002, que solicitó presentar una demanda enmendada para incluir como codemandada a la doctora González Torres. En vista de lo anterior, y conforme los fundamentos expuestos en esta opinión, resolvería que las acciones en contra de la doctora González Torres, en su carácter personal, están prescritas.

Por lo anterior, disiento de la determinación de la mayoría de este Tribunal en cuanto a que las causas de acción en contra de la codemandada, doctora González Torres, en su carácter personal, no están prescritas. En cuanto a lo demás, concurro con el resultado.


                              Anabelle Rodríguez Rodríguez
                                     Juez Asociada